NO.
12-05-00024-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

KIMBERLY
BRADLEY,      §          APPEAL FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Kimberly
Bradley appeals her conviction and the sentence she received for possession of
marihuana.  In five issues, she
challenges the admission of her statement to the police, the legal and factual
sufficiency of the evidence to support her conviction, the exclusion of the
statement of another person, and the sufficiency of the evidence to support her
sentence.  We affirm.

 

Background

            Late one evening, City of Tyler
police officers served a search warrant on an apartment rented by Appellant and
Jason Cook.  Appellant and Cook were in
the apartment with their two year old son. 
Appellant was in her night clothes. 
The police found nine individually wrapped bags of marihuana and a scale
in a backpack in the kitchen, forty–one individually wrapped bags of marihuana
in a shoe box in a closet, nearly thirty grams of cocaine wrapped in plastic in
the mostly empty freezer, a small quantity of marihuana in a front shirt pocket
of a man’s shirt hanging in a closet, marihuana in a cigar wrapper in the
bedroom, and a handgun and ammunition in the bedroom closet.  








            The closet with the forty–one bags
of marihuana also contained a woman’s coat and toys and Christmas gifts
appropriate for Appellant’s son. 
Appellant admitted living in the apartment at least part of the
time.  She told a police officer that she
knew about the marihuana in the backpack, but she had nothing to do with what
was going on in the apartment.  Cook told
the police that the marihuana in the backpack was his and that it was for his
personal consumption.  

            A Smith County grand jury indicted
Appellant for the state jail felony offense of possession of marihuana in an
amount of more than four ounces but less than five pounds.  A jury convicted Appellant as charged, and
the trial court assessed punishment at confinement for fourteen months and a
fine of one thousand dollars.  This
appeal followed. 

 

Motion to Suppress
Evidence








            In her first issue, Appellant
asserts that the trial court erred when it denied her motion to suppress her
statement to the police.  

Standard of
Review

            We review a trial court’s ruling
on a motion to suppress evidence for an abuse of discretion. Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  Our review is bifurcated, affording almost
total deference to the trial court’s determination of historical facts and
reviewing de novo the trial court’s application of the law to those facts.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000).  The
trial court is the exclusive finder of fact in a motion to suppress hearing and
may choose to believe or disbelieve any or all of a witness’s testimony.  Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990).  We
sustain a trial court’s decision on a motion to suppress if it is correct on
any theory of law applicable to the case. 
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

Applicable Law

            Texas law prohibits the admission of
unrecorded oral statements “made as a result of custodial interrogation.”  Tex.
Code Crim. Proc. Ann. art. 38.22 § 3 (Vernon 2005).  But not every question a police officer asks
is an “interrogation.”  Jones v.
State, 795 S.W.2d 171, 174 (Tex. Crim. App. 1990).  Interrogation refers to words, actions, or
questions that the questioner should know are reasonably likely to elicit an
incriminating response.  Rhode
Island v. Innis, 446 U. S. 291, 300-02, 100 S. Ct. 1682, 1689–90, 64 L.
Ed. 2d 297 (1980); Jones, 795 S.W.2d at 174 & n.3.  

            The test is principally an objective
one focusing primarily on the perceptions of the subject, but questions
normally attendant to arrest, custody, or administrative booking procedure do
not constitute “interrogation” for purposes of article 38.22 or the Fifth
Amendment to the U.S. Constitution.  Innis,
446 U.S. at 301, 302 n.7, 100 S. Ct. at 1690 n.7; Pennsylvania v. Muniz,
496 U.S. 582, 601-02, 110 S. Ct. 2638, 2650, 110 L. Ed. 2d 528 (1990); see
also Cross v. State, 144 S.W.3d 521, 524–25 & n.5 (Tex. Crim.
App. 2004); Jones, 795 S.W.2d at 174 n.3.  The court of criminal appeals has
acknowledged that the legal distinction between questioning which amounts to
interrogation and questioning which is “normally attendant to arrest and
custody” may not always be readily apparent. 
McCambridge v. State, 712 S.W.2d 499, 505–06 (Tex. Crim.
App. 1986).  Finally, statements that are
volunteered and not in response to interrogation do not implicate either the
Fifth Amendment or article 38.22.  See
Miranda v. Arizona, 384 U.S. 436, 478, 86 S. Ct. 1602, 1630, 16
L. Ed. 2d 694 (1966); Stevens v. State, 671 S.W.2d 517, 520 (Tex.
Crim. App. 1984); see also Tex.
Code Crim. Proc. Ann. art. 38.22 § 5. 


Analysis

            As the police were searching the
apartment, Appellant was asked a series of questions including where she
lived.  Appellant responded that she
lived in the apartment and then volunteered that what was going on in the
apartment was “none of her doing.”  The
officer was unsure of what she meant by this and so he asked, “What do you
mean?”  Appellant responded that she knew
about the marihuana in the backpack but nothing else.  The trial court found that these questions
were the normal and customary questions attendant to arrest and allowed the
statement to be admitted even though it was not recorded and Appellant had not
been read her statutory or constitutional rights.  

            In evaluating whether an
interrogation has occurred, the officer’s subjective intent is only partially
relevant.  See Innis, 446
U.S. at 301, 100 S. Ct. at 1690.  In the
present case, the officer’s characterization of the reasons for the questioning
was not entirely consistent.  When the
State asked the purpose of the questions, he responded: “For merely – – one,
intelligence; two for merely background intelligence, to try to figure out who
the person was that was in there, who everybody was that was in there, where
they lived, where they worked, just very generic questions.”  On the other hand, when asked if he was
seeking incriminating information from Appellant, the officer stated that he
was merely seeking to get the spelling of her name and determine where she
lived and worked.  

            Objectively, the questioning was
similar to the routine questioning attendant to an arrest.  Appellant’s statement that what was going on
in the apartment was none of her doing was a volunteered response.  The second, and more troubling exchange, is
the officer’s question “What do you mean?” and the answer acknowledging
awareness of the marihuana.  This
question is closer to interrogation, and the response is less of a volunteered
statement.

            In general, the questions were book–in
questions to which Appellant spontaneously added additional information.  The follow–up question was not sufficiently
pointed to transform the exchange into an interrogation.  The trial court did not abuse its discretion
to the extent that its ruling implicitly finds that the officer did not have
the subjective intent to elicit an incriminating response.  As to the question of whether the police
officer should have known that his questions would evoke an incriminating
response, we hold that the officer need not have anticipated, especially in the
moment of the exchange, that his question would elicit incriminating
information.  The trial court did not
abuse its discretion when it denied the motion to suppress.  Appellant’s first issue is overruled.  

Sufficiency of the
Evidence

            In her second and third issues,
Appellant argues that the evidence was legally and factually insufficient to
show that she possessed the marihuana the police found in her apartment.   

Standard of
Review

            In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Russeau v. State, 171 S.W.3d
871, 877 (Tex. Crim. App. 2005) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).  In reviewing factual sufficiency, we must
determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable
doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484–85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002); Sims v. State, 99 S.W.3d 600, 601
(Tex. Crim. App. 2003).  A clearly wrong
and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            In both legal and factual
sufficiency review, the fact finder is the sole judge of the weight and
credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury may choose to believe all, some, or
none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Applicable Law

            To support a conviction for
possession of marihuana, there must be evidence that (1) the accused exercised
actual care, control, or custody of the marihuana; (2) she was conscious of her
connection with it; and (3) she possessed a useable quantity of the marihuana
knowingly or intentionally.  See Tex. Health & Safety Code Ann. §
481.121(a) (Vernon 2005); Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995).  Possession of
any usable quantity of marihuana is an offense, but possession of more than
four ounces but less than five pounds is a state jail felony.  Tex.
Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2005).  The evidence used to prove these elements can
be either direct or circumstantial.  Brown,
911 S.W.2d at 747.

            When the proof is circumstantial,
the state must establish that the accused’s connection to the substance was more
than just fortuitous.  Id.  Furthermore, when the accused is not in
exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband.  Poindexter v. State, 153 S.W.3d
402, 406 (Tex. Crim. App. 2005).  

            Courts have recognized as many as
seventeen nonexclusive factors that may be considered when evaluating
affirmative links.  The factors include
1) whether the contraband was in plain view or recovered from an enclosed
place; 2) whether the accused was the owner of the premises or had the right to
possess the place where the contraband was found; 3) whether the contraband was
found in close proximity to the accused; 4) whether a strong residual odor of
the contraband was present; 5) whether paraphernalia to use the contraband was
in view or found on the accused; 6) whether the accused made incriminating statements
connecting herself to the contraband; and 7) the quantity of the
contraband.  See Lassaint v. State,
79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.); see also Poindexter,
125 S.W.3d at 405 n.7.  

 

Analysis–Legal
Sufficiency

            Appellant did not possess marihuana
on her person.  Rather, the police found
marihuana throughout the apartment she shared with Jason Cook.  The police found marihuana in a bag near the
kitchen, in a shirt pocket in a closet, in a box in a closet, and rolled into a
cigar wrapper in the bedroom.  They also
recovered four scales and a substantial quantity of cocaine in the
apartment.  The police found the bulk of
the marihuana in a closet near the front door that also contained clothing
fitting Appellant and toys and Christmas gifts for her son.  The officer testified that the smell of the
marihuana was quite powerful once the door to the closet was opened.  

            Examining the evidence in the light
most favorable to the jury’s verdict and in light of the nonexclusive factors
set forth above, we conclude that the jury could have reasonably determined
beyond a reasonable doubt that Appellant knowingly and intentionally possessed
the marihuana in the apartment.  The
marihuana was found in a dwelling controlled by Appellant and was not
inaccessible or completely hidden.  The
marihuana was in close proximity to the places Appellant would have been and in
open view in some instances, there was a strong odor of the marihuana upon
opening a closet that contained Appellant’s clothing, and Appellant made a
statement linking herself to some of the marihuana.  Finally, the quantity of both the marihuana
and cocaine in the apartment weighs in favor of an affirmative link.  A person is not charged with knowledge of
everything that happens to be in her home at every moment.  But as the value of an item, especially a
controlled substance, reaches into the thousands of dollars, it becomes
increasingly unlikely that its presence is beyond the knowledge or the control
of the person in command of the home. 
Such an inference is even stronger when, as here, the controlled
substance is not well hidden.  Therefore,
we hold that the evidence was legally sufficient to support the jury’s
verdict.  Appellant’s second issue is
overruled.

Analysis–Factual
Sufficiency








            Under a neutral review of the
evidence, we reach the same conclusion. 
We have reviewed the record in its entirety.  We are mindful that our evaluation must not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997).  We also recognize that there is
no set formula for finding an affirmative link, but rather affirmative links
are considered in the totality of the circumstances.  See Hyett v. State, 58 S.W.3d 826,
830 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d).

            Given the circumstances of this
case, we conclude that the jury was entitled to find that the evidence tending
to link Appellant to the marihuana in question was of greater consequence than
the evidence not tending to so link Appellant. 
There are facts that weigh against the conviction.  Appellant was not found to have marihuana on
her person, and she denied knowing about the bulk of the marihuana in the
apartment.  Additionally, her mother
testified that Appellant did not live in the apartment and only signed the
lease agreement so that Cook could have a place to stay. 

            On the other hand, facts that weigh
in favor of the conviction include the large quantity of the marihuana and the
fact that it was found throughout the home, the presence of other controlled
substances, the fact that Appellant was listed as a lessor of the apartment and
signed a letter moving out after the arrest saying that it had been “nice”
living in the apartment, and the presence of Appellant, her child, and her
clothing and personal effects in the apartment at the time the police arrived.

            Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not caused us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury’s verdict.  Appellant’s third issue is overruled.

 

Admission of
Evidence

            Appellant complains that the trial
court improperly denied her request to introduce Jason Cook’s hearsay statement
that the marihuana in the backpack was for his personal use.  

Applicable Law

            An out–of–court statement
offered for the truth of the matter asserted is hearsay and inadmissible.  Tex.
R. Evid. 801(d), 802.  However,
Rule 803(24) provides an exception to the hearsay rule, as follows:

 

A statement which was at the time of its making so far contrary to the
declarant’s pecuniary or proprietary interest, or so far tended to subject the
declarant to civil or criminal liability, or to render invalid a claim by the
declarant against another, or to make the declarant an object of hatred,
ridicule, or disgrace, that a reasonable person in declarant’s position would
not have made the statement unless believing it to be true.  In criminal cases, a statement tending to
expose the declarant to criminal liability is not admissible unless
corroborating circumstances clearly indicate the trustworthiness of the
statement.

 

            Whether a statement is admissible in
accordance with Rule 803(24) requires a two step inquiry.  Bingham v. State, 987 S.W.2d
54, 57 (Tex. Crim. App. 1999).  First,
the trial court must determine whether the statement tends to expose the
declarant to criminal liability.  Id.  Second, corroborating evidence must be shown
that is sufficiently convincing to “clearly indicate the trustworthiness of the
statement.”  Id.; see
also Dewberry v. State, 4 S.W.3d 735, 751 (Tex. Crim. App.
1999).  The burden is on the party
seeking admission of the statement to make this showing, and “the test is not
an easy one.”  Davis v. State,
872 S.W.2d 743, 749 (Tex. Crim. App. 1994). 

            We review the trial court’s decision
to admit or exclude evidence of a statement against interest under an abuse of
discretion standard.  Cunningham v.
State, 877 S.W.2d 310, 313 (Tex. Crim. App. 1994).  The trial court’s ruling will not be reversed
as long as it is within the “zone of reasonable disagreement.”  Salazar v. State, 38 S.W.3d
141, 151 (Tex. Crim. App. 2001); Simpson v. State, 181 S.W.3d
743, 749 (Tex. App.–Tyler 2005, pet. ref’d).

Analysis

            The State does not argue that Cook’s
statement did not subject him to criminal liability.  Instead the State argues that the statement
is unreliable and uncorroborated.  The
trial court did not decide this precise question because the State argued at
trial that the statement was not admissible because it was made by a
codefendant.  On appeal, the State argues
that the trial court ruling is nevertheless correct because Cook did not take
responsibility for all of the controlled substances in the apartment, because
Cook had a reason to shield Appellant from criminal responsibility, and because
his claim of personal use is implausible. 


            The corroboration requirement exists
to deter the admission of a fabricated confession by a third party.  See Davis, 872 S.W.2d at
748.  A number of factors may be
considered in this inquiry, including whether the guilt of the declarant is
inconsistent with the guilt of the accused, whether the declarant was so
situated that he might have committed the crime, the timing of the declaration
and its spontaneity, the relationship between the declarant and the party to
whom the declaration was made, and the existence of independent corroborating
facts.  Id. at 749.  

            These factors weigh in favor of
admissibility.  Cook’s declaration was
spontaneous and made shortly after the police took him into custody.  Cook’s statement is not inconsistent with the
guilt of the accused.  Indeed, the State
argued that both Cook and Appellant were drug dealers.  Cook could have committed the crime, and
there are independent facts, such as the nine bags of marihuana, that
corroborate his statement.  In fact, the
evidence that corroborates Cook’s statement of ownership is essentially the
same evidence that the State argues proves Appellant’s responsibility for the
marihuana in the apartment.

            Weighing against admission of the
statement is the relationship between Cook and Appellant, the fact that Cook
did not accept responsibility for all of the controlled substances in the
apartment, and the police officer’s belief that the claim of personal use was
incredible.  Certainly an intimate
partner might lie to protect the other from harm or legal jeopardy.  But this statement does not appear to be
calculated to protect Appellant from responsibility.  

            The fact that Cook did not confess
to possessing all of the controlled substances in the apartment does not
control this question.  It is not clear
that the police had found the rest of the controlled substances at the time,
and the statement was a quick one, blurted out without questioning.  The statement is not unreliable simply
because Cook did not confess at once to every offense he might have
committed.  

            Finally, Cook’s statement contains
an inculpatory statement, that the marihuana in the bag was his, and a self–serving
statement, that it was for personal use. 
In such a case, a court must balance declarant’s competing self-serving
and contrary interests to determine their predominant nature and ultimately the
level of trustworthiness to be accorded. 
Wood v. State, 18 S.W.3d 642, 651 (Tex. Crim. App.
2000).  Assuming that the personal use
statement was not true, the statement is still more incriminating that
exonerating.  This was a substantial
admission to a felony offense.  The
statement does not lose the reliability we ascribe to statements against
interest merely because Cook asserted an implausible but still illegal use for
the marijuana.

            The personal use statement may weigh
against admission, but we do not believe it is sufficient to overcome the
spontaneous nature of Cook’s acceptance of responsibility for the
marihuana.  To be sure, Cook was trying
to minimize his role, claiming that he was going to smoke the marihuana and not
sell it.  But this was not a statement
concocted on the evening of trial to provide a defense for Appellant.  Cook admitted that it was his, he did so
shortly after being arrested, the statement is corroborated, and it does not
appear to have been made to shield Appellant. 
The statement should have been admitted.  See James v. State, 102 S.W.3d
162, 178–79 (Tex. App.–Fort Worth 2003, pet. ref’d).

Harmless Error

            The exclusion of evidence
offered by a defendant can amount to a violation of the right to compel a
witness in his favor, a constitutional error. 
Ray v. State, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005)
(citing Potier v. State, 68 S.W.3d 657, 659 (Tex. Crim. App.
2002)).  However, evidentiary rulings
rarely rise to the level of denying the fundamental constitutional right to
present a meaningful defense.  Potier,
68 S.W.3d at 663.  There are two circumstances
in which the improper exclusion of evidence may establish a constitutional
violation: (1) when a state evidentiary rule categorically and arbitrarily
prohibits the defendant from offering relevant evidence that is vital to his
defense or (2) when a trial court erroneously excludes relevant evidence that
is a vital portion of the case and the exclusion effectively precludes the
defendant from presenting a defense.  Ray,
178 S.W.3d at 835; Potier, 68 S.W.3d at 659–62.

            The second category is implicated
here, and we must determine whether the exclusion of the evidence effectively
prevented Appellant from presenting a defense. 
Ray, 178 S.W.3d at 835. 
While she did not testify, as in Ray, Appellant was able
to present a defense and to argue effectively that the drugs belonged to
Cook.  Cook was not formally employed
while Appellant worked two jobs and went to school.  Additionally, some of the marihuana was found
in one of Cook’s shirts, and his fingerprint was found on the box that
contained the larger amount of marihuana. 
Furthermore, Appellant’s mother testified that Appellant really did not
live in the apartment and was not a drug dealer.  Finally, Appellant’s statement that she knew
about the marihuana in the backpack is consistent with Cook’s owning the
marihuana—the thrust of Cook’s statement that she sought to introduce.  

            Cook’s statement might have improved
Appellant’s defense incrementally.  See,
e.g., Cohn v. State, 849 S.W.2d 817, 820 (Tex. Crim. App.
1993).  Nevertheless, because Appellant was
able to introduce other evidence that the drugs belonged to Cook, we cannot say
that the exclusion of his statement prevented her from presenting her
defense.  Therefore, the error does not
implicate Appellant’s constitutional rights.        

            Nonconstitutional error is harmless
if we are fairly assured that the error did not influence the jury or had but a
slight effect after an examination of the record as a whole.  Morales v. State, 32 S.W.3d 862, 867
(Tex. Crim. App. 2000).  In this case, the
exclusion of Cook’s statement did not influence the jury or had but a slight
effect.  The State never asserted that
Appellant’s possession of the marihuana was exclusive and consistently argued
that both parties were guilty of the offense. 
Cook’s statement is not inconsistent with this position.  The fact that there were copious amounts of
marihuana throughout the apartment leads to the conclusion that the possession
was joint and that Cook’s statement would not have helped Appellant in a
significant way.  The case is
distinguishable on the facts from Ray because the statement in
this case, if believed, would not tend to exonerate Appellant completely and
because the other evidence showing Appellant’s possession of controlled
substances is much stronger.  Appellant’s
fourth issue is overruled.

 

Evidence to Support
Sentence

            In her fifth issue, Appellant
asserts that her sentence should have been suspended and she should have been
placed on community supervision because she possessed less than a pound of marihuana.  

Applicable Law

            Possession of marihuana in an amount
of more than four ounces and less than five pounds is a state jail felony with
a punishment range from 180 days to two years in state jail.  Tex.
Health & Safety Code Ann. § 481.121(b)(3), Tex. Pen. Code Ann. § 12.35(a) (Vernon 2005).  However, article 42.12, section 15(a)(1) of
the Texas Code of Criminal Procedure provides that the trial court must place a
defendant on community supervision if the defendant has no prior felony
convictions and possessed less than one pound of marihuana.  

Analysis

            The total amount of marihuana in
this case was about three pounds.  The
largest holdings were divided into the backpack, which contained about six
ounces, and the box in the closet, which contained nearly two and a half
pounds.  The guilty verdict does not
resolve whether Appellant possessed more than a pound because the marihuana in
the backpack weighed more than four ounces, enough for the conviction, but less
than a pound.  

            At the sentencing hearing, Appellant
asked the trial court to find that she did not possess more than a pound of
marihuana and to suspend her sentence. 
The trial court declined and sentenced her to confinement for fourteen
months.  This appears to be an issue of
first impression, and we perceive it to be a challenge to the legal and factual
sufficiency of the implicit finding that Appellant possessed more than a pound
of marihuana.[1]

            Generally, in the absence of
statutory direction, there is no burden of proof for sentencing issues.  McMillan v. Pennsylvania, 477
U.S. 79, 91, 106 S. Ct. 2411, 2419, 91 L. Ed. 2d 67 (1986) (“Sentencing courts
have traditionally heard evidence and found facts without any prescribed burden
of proof at all.”); Fields v. State, 1 S.W.3d 687, 688 n.3 (Tex.
Crim. App. 1999); In re C.J.H., 79 S.W.3d 698, 703 (Tex. App.–Fort
Worth 2002, no pet.).  As the court of
criminal appeals noted in Fields, a burden of proof is not
required by the constitution for sentencing issues because each element of the
offense has already been found beyond a reasonable doubt.  Fields, 1 S.W.3d at 688.            This
situation is different because the jury did not specifically find that
Appellant possessed more than a pound of marihuana.  The issue is analogous to proof of
eligibility for probation or a sentencing issue such as “voluntary release” in
the context of an aggravated kidnapping offense, both of which must be demonstrated
at punishment.  In those instances, the
burden is placed on the defendant by statute. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, § 4(d)(3), (e); Tex.
Pen. Code Ann. 20.04(d) (Vernon 2005). 
On the other hand, this issue is also analogous to the proof the state
must make to obtain a penalty of death or to enhance a sentence.  Again, in each of those instances, the burden
of proof is established by statute or case law. 
See Tex.  Code Crim. Proc. Ann. art. 37.071(c)
(Vernon 2005); Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim.
App. 1984). 

            Neither the statute nor case law
establishes a burden of proof on this issue. 
However, we need not decide who bears the burden of proof or the precise
contours of the appropriate review because the evidence is legally and
factually sufficient to support the finding beyond a reasonable doubt that
Appellant possessed more than a pound of marihuana.  Appellant is correct that the evidence that
she possessed the marihuana in the backpack was stronger than the evidence that
she possessed the marihuana in the closet because she admitted that she knew
about the marihuana in the backpack.  But
Appellant also admitted that she knew about the other activities in the
apartment, and there was marihuana in most of the rooms in the apartment.  The trial court was in a position to evaluate
the evidence and did not act unreasonably when it implicitly found that
Appellant possessed more than a pound of marihuana nor is its finding a
manifest injustice.  We overrule
Appellant’s fifth issue.

Conclusion

            The evidence is legally and
factually sufficient to support both the verdict and the finding that Appellant
possessed more than a pound of marihuana. 
Any error in the exclusion of a hearsay statement by the father of
Appellant’s child was harmless, and the trial court properly admitted Appellant’s
statement to the police.  We affirm
the judgment of the trial court.

 

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

 

Opinion delivered May 24, 2006.

Panel
consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

                                                                                

 

 

 

(DO NOT
PUBLISH)











[1] Appellant believed
that a jury could not assess community supervision in a state jail felony case
and so elected to have the trial court assess punishment.  See Goodrich v. State, 156
S.W.3d 141, 148–49 (Tex. App.–Dallas 2005, pet. ref’d).  Therefore, the jury was never asked if she
possessed more than a pound of marihuana.