Opinion issued March 17, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00197-CR




ALONZO ALVIN SEAY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 960426




MEMORANDUM OPINION
          Appellant, Alonzo Alvin Seay, was charged by indictment with possession with
intent to deliver cocaine in the amount of more than four grams and less than 200
grams, with two enhancements. The jury found appellant guilty as charged, found the
two enhancements to be true, and assessed punishment at imprisonment for life. On
appeal, appellant complains that the trial court erred by excluding from evidence a
spent bullet that was recovered from the trunk of appellant’s car. We affirm. 
BACKGROUND
          Houston Police Officer B.J. Banks testified that, at about 11:20 p.m. on
September 2, 2003, he responded to a dispatcher’s call regarding a disturbance
nearby, saying that shots had been fired. When he arrived at the location, he found
a small group of people who were upset and afraid. One of them said that the suspect
had just driven away in a gold Pontiac. Banks had just passed a car meeting that
description. He turned around to follow the car, and, as he got close to it, he turned
on his lights and siren. The Pontiac then accelerated from approximately 40 miles per
hour to 70 or 80 miles per hour. Banks continued to follow the Pontiac with his lights
and siren on. The Pontiac continued down the street at a high speed, went through
an intersection against a red light, and entered the Eastex Freeway, where its speed
increased to 80 or 90 miles per hour, weaving in and out of traffic. After
approximately two miles, the Pontiac exited the freeway at Jensen Drive, hit the
median strip, and blew out both front tires. The resulting cloud of dust obscured
Banks’s vision, and he also hit the median and blew out his front tires. Appellant got
out of the Pontiac and ran under the freeway to a convenience store on the other side. 
Banks followed him, caught up with him inside the store, and handcuffed him. 
          After more officers arrived, Banks searched appellant and found two baggies
that contained crack cocaine and $2,622 in 20- and 100-dollar bills. Banks also
searched the Pontiac and found an electronic scale with a white powdery substance
on it and a box of .25 caliber automatic ammunition. Banks noted that there were two
bullet holes in the passenger side of the Pontiac—one on the rear door and one on the
front fender near the windshield.


 
          At trial, after the State rested and out of the presence of the jury, appellant
offered a spent bullet as evidence. The trial court stated, “I’m not going to let that
bullet in at this time.” Then, appellant made an offer of the testimony of Alex Azzo,
appellant’s former attorney, who stated that, two days after the incident, he recovered
the spent bullet from inside the trunk of the Pontiac. Azzo admitted that he had no
forensic expertise and no expertise on bullets. He stated that, although he was not an
expert, he believed that the spent bullet was the same bullet that caused the bullet
hole in the car’s trunk. He admitted that he had no personal knowledge regarding
who fired the bullet, when it was fired, or where it came from. He said he thought
that “these bullet holes were caused by the individuals that were chasing my client.” 
The trial court asked, “Does anyone have any way of showing when those bullet holes
were placed in that vehicle?” Appellant’s counsel responded, “My client will.” 
          The State objected to the admission of the bullet on the ground of relevance. 
The State also objected to the admission of the testimony of Azzo regarding who
might have fired the bullet unless the defense produced some evidence to support its
theory. The record does not reflect any further request to admit either the bullet or
the testimony of Azzo into evidence. 
          Appellant testified to the following on his own behalf. He was driving away
from his boss’s house when a truck drove toward his car. He had to stop to avoid a
head-on collision. He did not know the three occupants of the truck. Another car
came up behind him, and three men whom appellant knew got out of that car. 
Appellant knew he was being set up because he had had trouble with one of the men
about one month before this incident. One of the men hit appellant in the jaw, and
appellant lost consciousness. When he regained consciousness, the men were
standing around him, displaying weapons and telling him never to come to that
neighborhood again. Appellant drove away as the men chased him and shot at his
car. When he stopped at a red light, he looked in his rearview mirror and saw bright
lights and sped off. He did not know the lights were red and blue. He thought he was
being pursued, but did not realize it was by the police. He heard some noise, but did
not realize it was a police-car siren. He saw the convenience store and decided to go
there because he knew there would be people there. He did not know that he had
cocaine in his pockets and did not know where it came from. The money in his
pockets belonged to his mother. 
          Vanessa Harrison, an acquaintance of appellant, testified that she saw
appellant’s car with the other vehicles near it. She saw three men jump appellant and
hit him. She saw appellant fall back, and it looked like the other men were putting
something in his pocket, taking it out, and putting it back in. She heard them tell
appellant to get out of the neighborhood and saw appellant speed off. She also heard
gunshots around the corner. Harrison admitted that she could not be 100% sure of
what the men were doing to appellant. At the time of her testimony, Harrison was
serving a sentence in state jail for felony theft. 
DISCUSSION
          In his sole point of error, appellant contends that the trial court erred by
excluding the spent bullet from evidence. Appellant argues that the bullet supported
his defensive theory that he was set up by the group of men that assaulted him on
September 2, 2003 and that the men placed the cocaine in appellant’s pockets while
he was unconscious. 
          We review the trial court’s decision to admit or exclude evidence for abuse of
discretion. Bingham v. State, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999). The trial
court abuses its discretion if it acts without reference to any guiding rules and
principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 
Relevant evidence is “evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence.” Tex. R. Evid. 401. 
          In this case, at the time the bullet was offered into evidence, Azzo admitted that
he had no way of knowing when the bullet holes were placed in the car, who fired the
bullet, when it was fired, or where it came from. Azzo’s belief that “these bullet holes
were caused by the individuals that were chasing my client” was nothing more than
speculation. Appellant made no further attempt to connect the bullet to the incident
in question and offer the bullet into evidence. Therefore, the trial court did not abuse
its discretion by excluding the spent bullet from evidence. See Garza v. State, 18
S.W.3d 813, 822 (Tex. App.—Fort Worth 2000, pet. ref’d) (concluding that trial court
did not abuse its discretion by excluding testimony based on speculation).
          We overrule appellant’s sole point of error and affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).