COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-285-CR

 

 

JAMES PATRICK OLIVER MINOS                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant James Patrick
Oliver Minos complains in three points of the trial court=s admission of certain evidence and in a separate point complains of
the trial court=s failure to
include in the jury charge a charge on a lesser-included offense.  We affirm.








II.  Factual and Procedural Background

On September 1, 2003, Erin
Goodson, a resident of an apartment in Euless, Texas, was robbed at
knifepoint.  Goodson, a single mother,
had just finished bathing her ten-month-old daughter when Minos knocked on her
apartment door.  Goodson opened the door
to Minos who, claiming to be a neighbor, expressed an interest in her Honda in
the parking lot.  When Goodson decided to
end the conversation and close the door, Minos pushed his way inside, locked
the door, pulled out a knife, and demanded the keys to Goodson=s car.  Goodson produced the
keys for Minos as he held the knife against her baby=s head.  He then took the keys
and left Goodson=s
apartment.  Goodson promptly locked the
door and called the police.  Her car was
recovered in Louisiana three days later, and Euless police officers traveled to
Louisiana to process the car and evidence themselves.  They found DNA evidence of Minos=s presence in the car.  

At trial, the jury found
Minos guilty of aggravated robbery with a deadly weapon and assessed punishment
at life imprisonment.  The trial court
sentenced him accordingly.  This appeal
followed.

III.  Hearsay

In his first point, Minos
complains that the trial court allowed hearsay testimony from witness Debbie
Fordella.  








Fordella, who resided in the
apartment across from Goodson, was a witness called by the State.  Apparently, Goodson fled to Fordella=s apartment immediately after the attack.  Fordella testified, inter alia, that
Goodson was hysterical, crying, and shaking while holding her baby, whom
Fordella took from Goodson=s arms.  Fordella also testified
that Goodson was Aabsolutely
terrified@ and could
not breathe.  Fordella testified that
when she asked Goodson what had happened, Goodson said that A[h]e came in, put a knife to the baby=s cheek, said cute baby, give me your keys . . . give me [the] money@ and that when the keys were handed over, he drove away and left.  Minos complains that these statements of
Goodson, as testified to by Fordella, constituted hearsay and were improperly
admitted.  He further argues that they
did not constitute Aexcited
utterances@ because no
proper predicate was laid for their admission as a hearsay exception, citing Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  We disagree. 









As is well known, Ahearsay@ is defined
in Rule 801(d) of the Texas Rules of Evidence as Aa statement, other than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove the truth of the matter
asserted.@  Tex.
R. Evid. 801(d).  Likewise, it is
axiomatic that hearsay is, as a general rule, inadmissible.  See Tex.
R. Evid. 802.  One exception to
the hearsay rule is the Aexcited
utterance,@ which is A[a] statement relating to a startling event or condition made while
the declarant was under the stress of excitement caused by the event or
condition.@  Tex.
R. Evid. 803(2).  The inquiry to
be made in this regard is Awhether the declarant was still dominated by the emotions, excitement,
fear, or pain of the event or condition@ at the time of the statement.  Apolinar
v. State, 155 S.W.3d 184, 186B87 (Tex. Crim. App. 2005). 
Factors to be considered include the time between the event and when the
statement is made, the nature of the declarant, whether the statement was in response
to a question, and whether the statement is self-serving.  Id. at 187.  

Further, the trial court=s evidentiary rulings are reviewed under the Aabuse of discretion standard,@ which means that the ruling must lie outside the realm of reasonable
disagreement to be an abuse of discretion and will not be reversed otherwise.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003); see Apolinar, 155 S.W.3d at 186; Bingham v.
State, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999).








From Fordella=s testimony, it could hardly be clearer that the statements made by
Goodson were excited utterances.  She was
described as crying hysterically, absolutely terrified, unable to breathe, and
shaking hysterically immediately after the occurrence.  The Johnson case cited by Minos is
easily distinguishable.  In that case, a
statement by a Mr. Taylor was offered into evidence through the recorded
recollection exception to the hearsay rule. 
See Tex. R. Evid.
803(5); Johnson, 967 S.W.2d at 417. 
However, Taylor was totally uncooperative, and the prosecution was
unable to lay the predicate of any recollection by Taylor of the
statement.  Johnson, 967 S.W.2d at
417.  Hence, the court found that no
proper predicate had been established for its admissibility.  In our case, the predicate was properly
elicited from Fordella, and we hold that the trial court did not abuse its
discretion in admitting the statement. 
We overrule Minos=s first
point.

IV.  A Photograph

In his second point, Minos
complains that the trial court erred by overruling his objection to Aa large mounted photograph of the victim=s infant daughter@ because he asserts that it carried Athe potential for extreme prejudice because of its potential impact on
the jurors, who would have compared the innocence of the posed photograph to
the alleged violence of the offense.@








Minos concedes, and the State
agrees, that the admission of a photograph is governed by the abuse of
discretion standard, meaning that the trial court=s decision will be reversed only if it was outside the zone of
reasonable disagreement.  See Moreno
Denoso v. State, 156 S.W.3d 166, 177 (Tex. App.CCorpus Christi 2005, pet. ref=d).  It is axiomatic that
evidence, including a photograph, may be excluded if its probative value is
outweighed by the Adanger of
unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  In
considering the probative value of a photograph, certain factors have been
determined as bearing on the issue of the danger of unfair prejudice, including
(1) the number of exhibits offered, (2) their gruesomeness, (3) their detail,
(4) their size, (5) whether they are offered in color or in black and white,
(6) whether they are close-up, and (7) whether the body depicted is clothed or
naked.  Rojas v. State, 986 S.W.2d
241, 249 (Tex. Crim. App. 1998). 
Comparing these factors to the photograph in question, we observe that
(1) a single photograph was involved, (2) it was not gruesome in any way, and
(3, 4, 5, 6, & 7) the detail, the size, whether the picture was color or
black and white, whether the picture was a close-up or not, and whether the
child depicted was clothed or not is not contained in the record.  Considering that A[v]isual evidence accompanying testimony is most persuasive and often
gives the fact finder a point of comparison against which to test the
credibility of a witness and the validity of his conclusions,@ Chamberlain v. State, 998 S.W.2d 230, 237 (Tex. Crim. App.
1999), cert. denied, 528 U.S. 1082 (2000), and the above-recounted
factors, we hold that the trial court did not abuse its discretion by admitting
the photograph.  Minos=s second point is overruled.








V.  Lesser-Included Charge

In his third point, Minos
complains that the trial court erred in failing to charge the jury on the
lesser-included offense of robbery by threat. 


Section 29.02 of the Texas
Penal Code, entitled ARobbery,@ reads in part as follows: AA person commits an offense if, in the course of committing theft as
defined in Chapter 31 and with intent to obtain or maintain control of the
property, he . . . intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death.@  Tex. Penal Code Ann. ' 29.02(a)(2) (Vernon 2003). 
Section 29.03 of the Texas Penal Code, entitled AAggravated Robbery,@ reads in part as follows: AA person commits an offense if he commits robbery as defined in
Section 29.02, and he . . . uses or exhibits a deadly weapon.@  Id. ' 29.03(a)(2).  Minos asserts
that it was not conclusively shown that a knife was used and that it was a
deadly weapon, so the robbery-by-threat lesser-included charge was warranted. 








We use a two-step analysis to
determine whether an appellant was entitled to a lesser-included offense
instruction.  Hall v. State, 225
S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d
666, 672B73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

This first step in the
lesser-included offense analysis, determining whether an offense is a
lesser-included offense of the alleged offense, is a question of law.  Hall, 225 S.W.3d at 535.  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1); Hall, 225
S.W.3d at 536.  It does not depend on the
evidence to be produced at the trial but is performed by comparing the elements
of the offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.  Hall, 225 S.W.3d at 535B36.








The evidence adduced at trial
should remain an important part of the court=s decision whether to charge the jury on lesser-included
offenses.  The second step in the
analysis should ask whether there is evidence that supports giving the
instruction to the jury.  Id. at
536.  That is, some evidence must exist
in the record that would permit a jury to rationally find that if the appellant
is guilty, he is guilty only of the lesser offense.  Id.; Salinas v. State, 163 S.W.3d
734, 741 (Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672B73.  The evidence must be
evaluated in the context of the entire record. 
Moore, 969 S.W.2d at 8. 
There must be some evidence from which a rational jury could acquit the
appellant of the greater offense while convicting him of the lesser-included
offense.  Id.  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle
a defendant to a lesser charge.  Hall,
225 S.W.3d at 536.

Applying the first step of
the lesser-included offense analysis, as previously recounted, we do not
consider the evidence that was presented at trial, but instead consider only
the statutory elements of aggravated robbery as they were modified by the
particular allegations in the indictment:

(1)
appellant;

(2)
unlawfully, while in the course of committing theft of property owned by Erin
Goodson and with intent to obtain and maintain control of the property;

(3)
intentionally and knowingly threatened and placed Erin Goodson in fear of
imminent bodily injury and death;

(4)
by using and exhibiting a deadly weapon, to wit: a knife.

 

We then compare these elements with the elements
of the offense of robbery:

(1)
appellant;

(2)
intentionally, knowingly, or recklessly causes bodily injury to another; or

(3)
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.

 

See Tex. Penal Code Ann. ' 29.02 (Vernon 2005).  








A review of the evidence
includes the following testimony by Goodson about the Adeadly weapon@ element
found only in the aggravated robbery indictment, that is, the knife: (1) A[h]e came in, put a knife to the baby=s cheek, said cute baby, give me your keys,@ (2) A[t]hat=s when he had the knife,@ (3) A[i]t was
about this long, the blade of it . . . [a]bout eight inches . . . .  It was about eight inches long, about an inch
in length, rustedClikeCI mean, it wasn=t shiny at
all or new, and it was rusted,@ (4) Ahe takes the
knife and holds it behind, an inch behind my daughter=s head and, like, pretty baby, you know, good baby, pretty baby, nice
baby, just waving it in a circle right behind my daughter=s head,@ and (5) ADid you feel threatened by the knife? 
Yes.@ 

This testimony is clear and
direct that an eight-inch knife was used. 
No evidence is cited by Minos that there was no knife used nor authority
that such a knife is not a deadly weapon. 
Therefore, the second element of the Rousseau test is not met,
and the lesser-included offense charge was not warranted.  Minos=s third point is overruled.

VI.  Palm Print

In his fourth and final
point, Minos asserts error on the part of the trial court in admitting evidence
of his palm print found in Goodson=s automobile because he objected at the time of its admission that Ait doesn=t meet the Daubert
standard.@  








The admission of evidence is
viewed under the abuse of discretion standard, Zuliani, 97 S.W.3d at
595, and any violation of the rules of evidence that results in an erroneous
admission of the evidence is nonconstitutional error.  Couchman v. State, 3 S.W.3d 155, 160
(Tex. App.CFort Worth
1999, pet. ref=d).  If evidence was admitted in error, then this
court must decide whether a reasonable probability exists that erroneously
admitted evidence moved the jury from a state of nonpersuasion to a state of
persuasion beyond a reasonable doubt.  Wesbrook
v. State, 29 S.W.3d 103, 199 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).  

Given the positive
identification of Minos by Goodson at trial and the DNA evidence found in
Goodson=s car also identifying Minos, we cannot possibly say that the palm
print evidence moved the jury from nonpersuasion to persuasion.  Therefore, without deciding whether the
admission of the palm print was error, we conclude that any possible error was
harmless and overrule Minos=s fourth point.

 

 

 

 

 

 

 








VII.  Conclusion

Having overruled all of Minos=s points, we affirm the judgment of the trial court.

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 9, 2007

 











[1]See Tex. R. App. P. 47.4.