COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-285-CR

JAMES PATRICK OLIVER MINOS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant James Patrick Oliver Minos complains in three points of the trial court’s admission of certain evidence and in a separate point complains of the trial court’s failure to include in the jury charge a charge on a lesser-included offense.  We affirm.

II.  Factual and Procedural Background

On September 1, 2003, Erin Goodson, a resident of an apartment in Euless, Texas, was robbed at knifepoint.  Goodson, a single mother, had just finished bathing her ten-month-old daughter when Minos knocked on her apartment door.  Goodson opened the door to Minos who, claiming to be a neighbor, expressed an interest in her Honda in the parking lot.  When Goodson decided to end the conversation and close the door, Minos pushed his way inside, locked the door, pulled out a knife, and demanded the keys to Goodson’s car.  Goodson produced the keys for Minos as he held the knife against her baby’s head.  He then took the keys and left Goodson’s apartment.  Goodson promptly locked the door and called the police.  Her car was recovered in Louisiana three days later, and Euless police officers traveled to Louisiana to process the car and evidence themselves.  They found DNA evidence of Minos’s presence in the car.  

At trial, the jury found Minos guilty of aggravated robbery with a deadly weapon and assessed punishment at life imprisonment.  The trial court sentenced him accordingly.  This appeal followed.

III.  Hearsay

In his first point, Minos complains that the trial court allowed hearsay testimony from witness Debbie Fordella.  

Fordella, who resided in the apartment across from Goodson, was a witness called by the State.  Apparently, Goodson fled to Fordella’s apartment immediately after the attack.  Fordella testified, 
inter alia
, that Goodson was hysterical, crying, and shaking while holding her baby, whom Fordella took from Goodson’s arms.  Fordella also testified that Goodson was “absolutely terrified” and could not breathe.  Fordella testified that when she asked Goodson what had happened, Goodson said that “[h]e came in, put a knife to the baby’s cheek, said cute baby, give me your keys . . . give me [the] money” and that when the keys were handed over, he drove away and left.  Minos complains that these statements of Goodson, as testified to by Fordella, constituted hearsay and were improperly admitted.  He further argues that they did not constitute “excited utterances” because no proper predicate was laid for their admission as a hearsay exception, citing 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  We disagree.  

As is well known, “hearsay” is defined in Rule 801(d) of the Texas Rules of Evidence as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”  
Tex. R. Evid.
 801(d).  Likewise, it is axiomatic that hearsay is, as a general rule, inadmissible.  
See
 
Tex. R. Evid.
 802.  One exception to the hearsay rule is the “excited utterance,” which is “[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”  
Tex. R. Evid.
 803(2).  The inquiry to be made in this regard is “whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition” at the time of the statement.  
Apolinar v. State
, 155 S.W.3d 184, 186–87 (Tex. Crim. App. 2005).  Factors to be considered include the time between the event and when the statement is made, the nature of the declarant, whether the statement was in response to a question, and whether the statement is self-serving.  
Id.
 at 187.  

Further, the trial court’s evidentiary rulings are reviewed under the “abuse of discretion standard,” which means that the ruling must lie outside the realm of reasonable disagreement to be an abuse of discretion and will not be reversed otherwise.
  Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); 
see Apolinar
, 155 S.W.3d at 186; 
Bingham v. State
, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999).

From Fordella’s testimony, it could hardly be clearer that the statements made by Goodson were excited utterances.  She was described as crying hysterically, absolutely terrified, unable to breathe, and shaking hysterically immediately after the occurrence.  The 
Johnson
 case cited by Minos is easily distinguishable.  In that case, a statement by a Mr. Taylor was offered into evidence through the recorded recollection exception to the hearsay rule.  
See
 
Tex. R. Evid.
 803(5); Johnson, 967 S.W.2d at 417
.  However, Taylor was totally uncooperative, and the prosecution was unable to lay the predicate of any recollection by Taylor of the statement.  
Johnson
, 967 S.W.2d at 417.  Hence, the court found that no proper predicate had been established for its admissibility.  In our case, the predicate was properly elicited from Fordella, and we hold that the trial court did not abuse its discretion in admitting the statement.  We overrule Minos’s first point.

IV.  A Photograph

In his second point, Minos complains that the trial court erred by overruling his objection to “a large mounted photograph of the victim’s infant daughter” because he asserts that it carried “the potential for extreme prejudice because of its potential impact on the jurors, who would have compared the innocence of the posed photograph to the alleged violence of the offense.”

Minos concedes, and the State agrees, that the admission of a photograph is governed by the abuse of discretion standard, meaning that the trial court’s decision will be reversed only if it was outside the zone of reasonable disagreement.  
See Moreno Denoso v. State
, 156 S.W.3d 166, 177 (Tex. App.—Corpus Christi 2005, pet. ref’d).  It is axiomatic that evidence, including a photograph, may be excluded if its probative value is outweighed by the “danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.”  
Tex. R. Evid.
 403.  In considering the probative value of a photograph, certain factors have been determined as bearing on the issue of the danger of unfair prejudice, including (1) the number of exhibits offered, (2) their gruesomeness, (3) their detail, (4) their size, (5) whether they are offered in color or in black and white, (6) whether they are close-up, and (7) whether the body depicted is clothed or naked.  
Rojas v. State, 
986 S.W.2d 241, 249 (Tex. Crim. App. 1998).  Comparing these factors to the photograph in question, we observe that (1) a single photograph was involved, (2) it was not gruesome in any way, and (3, 4, 5, 6, & 7) the detail, the size, whether the picture was color or black and white, whether the picture was a close-up or not, and whether the child depicted was clothed or not is not contained in the record.  Considering that “[v]isual evidence accompanying testimony is most persuasive and often gives the fact finder a point of comparison against which to test the credibility of a witness and the validity of his conclusions,” 
Chamberlain v. State
, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000), and the above-recounted factors, we hold that the trial court did not abuse its discretion by admitting the photograph.  Minos’s second point is overruled.

V.  Lesser-Included Charge

In his third point, Minos complains that the trial court erred in failing to charge the jury on the lesser-included offense of robbery by threat.  

Section 29.02 of the Texas Penal Code, entitled “Robbery,” reads in part as follows: “A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.”  
Tex. Penal Code Ann.
 § 29.02(a)(2) (Vernon 2003).  Section 29.03 of the Texas Penal Code, entitled “Aggravated Robbery,” reads in part as follows: “A person commits an offense if he commits robbery as defined in Section 29.02, and he . . . uses or exhibits a deadly weapon.”  
Id
. § 29.03(a)(2).  Minos asserts that it was not conclusively shown that a knife was used and that it was a deadly weapon, so the robbery-by-threat lesser-included charge was warranted. 

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction.  
Hall v. State
, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); 
Rousseau v. State
, 855 S.W.2d 666, 672
–
73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).  First, the lesser offense must come within article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006); 
Moore v. State,
 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

This first step in the lesser-included offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law.
  
Hall
, 225 S.W.3d at 535
.  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1); 
Hall
, 225 S.W.3d at 536
. 
 It does not depend on the evidence to be produced at the trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. 
 
Hall
, 225 S.W.3d at 535
–
36.

The evidence adduced at trial should remain an important part of the court’s decision whether to charge the jury on lesser-included offenses.  The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury.  
Id. 
at 536. 
 That is, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. 
 Id.
; 
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672
–
73.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser-included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge.  
Hall,
 225 S.W.3d at 536.

Applying the first step of the lesser-included offense analysis, as previously recounted, we do not consider the evidence that was presented at trial, but instead consider only the statutory elements of aggravated robbery as they were modified by the particular allegations in the indictment:

(1) appellant;

(2) unlawfully, while in the course of committing theft of property owned by Erin Goodson and with intent to obtain and maintain control of the property;

(3) intentionally and knowingly threatened and placed Erin Goodson in fear of imminent bodily injury and death;

(4) by using and exhibiting a deadly weapon, to wit: a knife.

We then compare these elements with the elements of the offense of robbery:

(1) appellant;

(2) intentionally, knowingly, or recklessly causes bodily injury to another; or

(3) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

See 
Tex. Penal Code Ann.
 § 29.02 (Vernon 2005).  

A review of the evidence includes the following testimony by Goodson about the “deadly weapon” element found only in the aggravated robbery indictment, that is, the knife: (1) “[h]e came in, put a knife to the baby’s cheek, said cute baby, give me your keys,” (2) “[t]hat’s when he had the knife,” (3) “[i]t was about this long, the blade of it . . . [a]bout eight inches . . . .  It was about eight inches long, about an inch in length, rusted—like—I mean, it wasn’t shiny at all or new, and it was rusted,” (4) “he takes the knife and holds it behind, an inch behind my daughter’s head and, like, pretty baby, you know, good baby, pretty baby, nice baby, just waving it in a circle right behind my daughter’s head,” and (5) “Did you feel threatened by the knife?  Yes.” 

This testimony is clear and direct that an eight-inch knife was used.  No evidence is cited by Minos that there was no knife used nor authority that such a knife is not a deadly weapon.  Therefore, the second element of the 
Rousseau
 test is not met, and the lesser-included offense charge was not warranted.  Minos’s third point is overruled.

VI.  Palm Print

In his fourth and final point, Minos asserts error on the part of the trial court in admitting evidence of his palm print found in Goodson’s automobile because he objected at the time of its admission that “it doesn’t meet the 
Daubert
 standard.”  

The admission of evidence is viewed under the abuse of discretion standard,
 Zuliani
, 97 S.W.3d at 595
, and any violation of the rules of evidence that results in an erroneous admission of the evidence is nonconstitutional error.  
Couchman v. State
, 3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref’d).  If evidence was admitted in error, then this court must decide whether a reasonable probability exists that erroneously admitted evidence moved the jury from a state of nonpersuasion to a state of persuasion beyond a reasonable doubt.  
Wesbrook v. State
, 29 S.W.3d 103, 199 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  

Given the positive identification of Minos by Goodson at trial and the DNA evidence found in Goodson’s car also identifying Minos, we cannot possibly say that the palm print evidence moved the jury from nonpersuasion to persuasion.  Therefore, without deciding whether the admission of the palm print was error, we conclude that any possible error was harmless and overrule Minos’s fourth point.

VII.  Conclusion

Having overruled all of Minos’s points, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 9, 2007

 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.