

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00406-CR

**ERIC DEWAYNE CARROLL,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 08-02263-CRF-272

## MEMORANDUM  OPINION

A jury convicted Eric Dewayne Carroll of burglary of a habitation, and the trial court sentenced him to twenty years in prison. During trial, the State sought to elicit testimony from Detective Sean Davis about a statement by Carroll's co-defendant. The trial court overruled Carroll's hearsay and confrontation clause objections and admitted the testimony as a statement against interest under Rule of Evidence 803(24). In one point, Carroll contends that the trial court abused its discretion by admitting Davis's

testimony under Rule 803(24) and in violation of *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). We affirm.

Davis testified that D.T., a juvenile, initially denied involvement in the burglary, but eventually admitted acting as a lookout. D.T. waited at the rear of the home and was to alert Carroll with a "yelping noise" if he saw police or anyone else around who might stop the burglary. D.T. stated that Carroll slid the back door open, moved some items from the back of the house, and carried the items to the street. One item was a flat screen television. D.T. was to receive $25 for acting as the lookout.

A statement against interest is defined as:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in declarant's position would not have made the statement unless believing it to be true.

TEX. R. EVID. 803(24). These statements fall into three categories:

> Some inculpate only the declarant (*e.g.*, "I killed Joe."); others inculpate equally both the declarant and a third party, such as a co-defendant (*e.g.*, "We killed Joe."); still others inculpate both the declarant and third party, but also shift blame by minimizing the speaker's culpability (*e.g.*, "We robbed the bank, and Dan killed Joe, the bank teller.").

*Walter v. State*, 267 S.W.3d 883, 891 (Tex. Crim. App. 2008). Both statements that are directly against the declarant's interest and collateral "blame-sharing" statements may be admissible under Rule 803(24), if corroborating circumstances clearly indicate their trustworthiness. *Id*. at 896. "Blame-shifting" statements that minimize the speaker's culpability are not, absent extraordinary circumstances, admissible under the rule. *Id*.

In *Walter*, the co-defendant told a witness that Walter and he went to the Outback Steakhouse in Texarkana and that he stood in the hallway while Walter went inside the restaurant office, took money, and shot three employees. *See Walter*, 267 S.W.3d at 887-88. This statement minimized the co-defendant's culpability by shifting the blame to Walter for the murders. *Id*. at 899-900. D.T.'s statement indicated that both he and Carroll were equally responsible for the burglary. *See Rollerson v. State*, 227 S.W.3d 718, 726 (Tex. Crim. App. 2007) ("Even if appellant was only a 'lookout' (or one of several burglars) he is still guilty of the offense of burglary."); *Bingham v. State*, 987 S.W.2d 54, 55, 57 (Tex. Crim. App. 1999) (Officer's testimony that wife admitted that "she and her husband had planned the fire and that [he] actually lit the match which started the fire" was properly admitted as a statement against interest).

D.T.'s statement is also supported by corroborating circumstances. On the day of the offense, witnesses saw Carroll and D.T. walk toward the victim's house and go behind the house. D.T. later returned from around the house and entered a vehicle driven by a third man. One witness followed the vehicle to Alice Street and saw Carroll come out of the bushes and enter the vehicle. Officer Kristen Johnson identified the sliding door at the back of the victim's home as the point of entry. She also noticed that part of the fence in the back yard was broken down and a trail left behind, which led to an abandoned house on Alice Street. The victim testified that a flat screen television was taken from his house. A witness saw Carroll in possession of a flat screen television shortly after the burglary.

Moreover, D.T. was present, available to testify, granted use immunity, and represented by counsel. *Crawford* is inapplicable where the declarant is available to testify at trial. *Gravens v. State*, No. 10-05-00019-CR, 2006 Tex. App. LEXIS 1085, at *6-7 (Tex. App.—Waco Feb. 8, 2006, no pet.) (not designated for publication); *see Mumphrey v. State,* 155 S.W.3d 651, 657 n.1 (Tex. App.—Texarkana 2005, pet. ref'd).

We, therefore, conclude that Davis's testimony was not admitted in violation of *Crawford* and was properly admitted under Rule of Evidence 803(24). We overrule Carroll's sole point and affirm the judgment.

FELIPE REYNA<br>Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed October 14, 2009
Do not publish
[CRPM]

* (Chief Justice Gray concurs in the judgment affirming Carroll's conviction. A separate opinion will not issue. He notes, however, that Carroll expressly waived his *Crawford* objection because he elected to not call the declarant as a witness.)