IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00406-CR

 

Eric Dewayne Carroll,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 08-02263-CRF-272

 



MEMORANDUM  Opinion



 








A jury convicted Eric Dewayne Carroll of
burglary of a habitation, and the trial court sentenced him to twenty years in
prison.  During trial, the State sought to elicit testimony from Detective Sean
Davis about a statement by Carroll’s co-defendant.  The trial court overruled Carroll’s
hearsay and confrontation clause objections and admitted the testimony as a
statement against interest under Rule of Evidence 803(24).  In one point,
Carroll contends that the trial court abused its discretion by admitting
Davis’s testimony under Rule 803(24) and in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  We affirm.

            Davis testified that D.T., a
juvenile, initially denied involvement in the burglary, but eventually admitted
acting as a lookout.  D.T. waited at the rear of the home and was to alert
Carroll with a “yelping noise” if he saw police or anyone else around who might
stop the burglary.  D.T. stated that Carroll slid the back door open, moved
some items from the back of the house, and carried the items to the street. 
One item was a flat screen television.  D.T. was to receive $25 for acting as
the lookout.

            A statement against interest
is defined as:  

A statement which was at the time of its
making so far contrary to the declarant’s pecuniary or proprietary interest, or
so far tended to subject the declarant to civil or criminal liability, or to
render invalid a claim by the declarant against another, or to make the
declarant an object of hatred, ridicule, or disgrace, that a reasonable person
in declarant’s position would not have made the statement unless believing it
to be true. 

 

Tex. R. Evid. 803(24).  These statements fall
into three categories:    

Some inculpate only the declarant (e.g.,
“I killed Joe.”); others inculpate equally both the declarant and a third
party, such as a co-defendant (e.g., “We killed Joe.”); still others
inculpate both the declarant and third party, but also shift blame by
minimizing the speaker’s culpability (e.g., “We robbed the bank, and Dan
killed Joe, the bank teller.”).  

 

Walter v. State, 267 S.W.3d 883, 891 (Tex. Crim. App. 2008).  Both statements
that are directly against the declarant’s interest and collateral
“blame-sharing” statements may be admissible under Rule 803(24), if
corroborating circumstances clearly indicate their trustworthiness.  Id. at 896.  “Blame-shifting” statements that minimize the speaker’s culpability are
not, absent extraordinary circumstances, admissible under the rule.  Id.  

In Walter, the co-defendant told a
witness that Walter and he went to the Outback Steakhouse in Texarkana and that
he stood in the hallway while Walter went inside the restaurant office, took
money, and shot three employees.  See Walter, 267 S.W.3d at 887-88. 
This statement minimized the co-defendant’s culpability by shifting the blame
to Walter for the murders.  Id. at 899-900.  D.T.’s statement indicated
that both he and Carroll were equally responsible for the burglary.  See
Rollerson v. State, 227 S.W.3d 718, 726 (Tex. Crim. App. 2007) (“Even if appellant was only a
‘lookout’ (or one of several burglars) he is still guilty of the offense of burglary.”); Bingham v. State, 987 S.W.2d 54, 55, 57 (Tex. Crim.
App. 1999) (Officer’s testimony that wife admitted that “she and her husband
had planned the fire and that [he] actually lit the match which started the
fire” was properly admitted as a statement against interest).

D.T.’s statement is also supported by
corroborating circumstances.  On the day of the offense, witnesses saw Carroll
and D.T. walk toward the victim’s house and go behind the house.  D.T. later returned
from around the house and entered a vehicle driven by a third man.  One witness
followed the vehicle to Alice Street and saw Carroll come out of the bushes and
enter the vehicle.  Officer Kristen Johnson identified the sliding door at the
back of the victim’s home as the point of entry.  She also noticed that part of
the fence in the back yard was broken down and a trail left behind, which led
to an abandoned house on Alice Street.  The victim testified that a flat screen
television was taken from his house.  A witness saw Carroll in possession of a
flat screen television shortly after the burglary.       

Moreover, D.T. was present, available to
testify, granted use immunity, and represented by counsel.  Crawford is inapplicable where the
declarant is available
to testify at trial.  Gravens
v. State, No. 10-05-00019-CR, 2006 Tex. App. LEXIS 1085, at *6-7 (Tex. App.—Waco Feb. 8, 2006, no pet.) (not designated for publication); see Mumphrey v. State, 155 S.W.3d 651, 657 n.1 (Tex.
App.—Texarkana 2005, pet. ref’d).

We, therefore, conclude that Davis’s
testimony was not admitted in violation of Crawford and was properly
admitted under Rule of Evidence 803(24).  We overrule Carroll’s sole point and
affirm the judgment.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed October 14, 2009

Do not publish

[CRPM]

 

*           (Chief
Justice Gray concurs in the judgment affirming Carroll’s conviction.  A
separate opinion will not issue.  He notes, however, that Carroll expressly
waived his Crawford objection because he elected to not call the
declarant as a witness.)