**Opinion issued October 21, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00186-CR

————————————

**ISAIAH LONGORIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case 98469-CR**

---

## MEMORANDUM OPINION

A jury convicted the appellant of aggravated robbery of a disabled person[1]

and assessed punishment at thirteen years' confinement. In three points of error, the

---

[1] TEX. PENAL CODE § 29.03(a)(3)(B).

appellant challenges the sufficiency of the evidence to support the conviction and complains about the admission of certain out-of-court statements. We affirm.

## Background

Rayland Thomas suffered a severed spine in a car wreck and is paralyzed from the waist down. In 2023, he lived in an apartment in Clute. He ordinarily left his apartment door unlocked because various people came in to help him throughout the day. Among those who helped him was his upstairs neighbor Jaylynn Carter. Jaylynn was romantically involved with the appellant, and the appellant often stayed with Jaylynn.

On March 23, Jaylynn and the appellant were in Rayland's apartment helping him. At one point the appellant asked Rayland for food; Rayland told him he had food, but it was in the freezer. At the end of the day, Jaylynn helped put Rayland in bed for the night. Rayland had Jaylynn hide his prescription pain medication in a pair of shoes in his closet. Then Jaylynn left and Rayland went to sleep.

Rayland woke up in the middle of the night and the lights he ordinarily left on were off. Two individuals came into his bedroom. He recognized them as the appellant and one of the appellant's friend, Angel Longoria. At first Rayland thought this was a joke, but then the appellant opened the closet and went straight for the shoes where the pain pills were. The appellant and Angel took the pills and fifteen

or sixteen pairs of shoes—Rayland collected "exotic Jordan" tennis shoes that he testified were worth over $200 per pair—and left.

The robbers came back. Rayland heard them talking about trying to find the bag in which Rayland kept his personal papers and cash. Rayland asked them, "What is it?" The robbers flipped Rayland over onto his stomach, damaging his suprapubic catheter.[2] The robbers found his bag, which contained around $600 in cash, and left a second time. The appellant returned to Rayland's apartment a third time and rummaged through the refrigerator.

After the robbers left, Jaylynn and another person came in, apparently in response to Rayland's yelling and banging on the wall. Rayland called 911, but that night he did not tell anyone who the robbers were because he lived in the same apartment complex as Jaylynn and the appellant and did not feel safe. He identified the robbers to police later. When the appellant was arrested a few weeks later, he was wearing a pair of Rayland's shoes.

## Sufficiency

In his first point of error, the appellant claims the evidence is insufficient to support his conviction. But the appellant does not specify which element of the offense the State failed to prove. When an appellant raises a sufficiency claim

---

[2]     Rayland testified the damage to his catheter was still causing him problems a year later.

without arguing which element of the offense the State failed to prove, we will reject the point as inadequately briefed. *Mayweather v. State*, — S.W.3d —, No. 01-23-00614-CR, 2025 WL 1459584, at \*2 (Tex. App.—Houston [1st Dist.] May 22, 2025, no pet.) ("By claiming the evidence is insufficient without explaining how, the appellant is inviting us to make arguments for him. Doing so would require abandoning our role as impartial arbiter, so we decline the invitation.").

Rayland testified about his physical disabilities. He testified that he recognized the appellant as one of the robbers stealing his property in the middle of the night. He testified that after the robbers flipped him over, he was in fear of additional bodily injury. On its face that is sufficient to prove the charged offense. *See* TEX. PENAL CODE §§ 29.02(a)(2), 29.03(a)(3)(B); *Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011).

In his brief, the appellant notes that an officer who responded to Rayland's 911 call testified the apartment appeared orderly. The appellant also notes that Rayland did not testify that the robbers used a weapon. Neither of those observations undermine the sufficiency of the evidence showing the appellant placed a disabled person in fear of imminent bodily injury during the course of committing theft.

In his third point, the appellant claims Rayland's testimony was "unreliable" because Rayland did not identify "the appellant as the perpetrator on the day of the offense." The appellant cites no authority suggesting a complainant's testimony

4

cannot support a conviction if the complainant did not identify the defendant as the offender at the first available opportunity. On sufficiency review, we must view the evidence in the light most favorable to the verdict, deferring to the factfinder's implicit credibility determinations. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) ("The jury is the sole judge of credibility . . . ."). "We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder." *Braughton v. State*, 522 S.W.3d 714, 726 (Tex. App.—Houston [1st Dist.] 2017), *aff'd*, 569 S.W.3d 592 (Tex. Crim. App. 2018). Rayland's testimony that he recognized the appellant as one of the robbers is sufficient to support the conviction.

We overrule the appellant's first and third points.

### "Hearsay"

In his second point or error, the appellant claims the trial court erred by admitting "plain hearsay testimony." The appellant's brief directs us to testimony the State elicited from one of the appellant's female associates, Lauryn Hendrickson. Lauryn testified that when the appellant was in jail, he called her and had her initiate a three-way phone call with his mother. But the only out-of-court statements that were admitted over a hearsay objection were statements Lauryn heard the appellant make to his mother. As the State points out, an out-of-court statement is not hearsay if it is made by a party to the case and offered into evidence by an opposing party.

TEX. R. EVID. 801(e)(2)(A). Thus, the trial court did not err by overruling the appellant's "hearsay" objection to this out-of-court statement. *See Bingham v. State*, 987 S.W.2d 54, 56–57 (Tex. Crim. App. 1999) ("[A]dmissions by party-opponents are admissible precisely because they are being admitted against the party alleged to have made those statements.").

We overrule the appellant's second point.

### Conclusion

We affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.

Do Not Publish. TEX. R. APP. P. 47.2(b).