**Anthony Dwayne BINGHAM, Appellant,**

v.

**The STATE of Texas.**

**No. 1587–97.**

Court of Criminal Appeals of Texas.

Jan. 27, 1999.

Scott Lemke, McKinney, for appellant.

Tom O'Connel, Dist. Atty., Julie Breedlove, Asst. Dist. Atty., McKinney, Matthew Paul, State's Atty., Austin, for State.

### OPINION

PRICE, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, MANSFIELD, KELLER, WOMACK, JOHNSON, and KEASLER, JJ., joined.

On April 29, 1991, appellant, Anthony Dwayne Bingham, was convicted of arson. He was assessed a fifteen-year sentence and a one thousand-dollar fine. The Dallas Court of Appeals reversed the conviction on April 20, 1992 in a published opinion, *Bingham v. State*, 833 S.W.2d 538 (Tex.App.-Dallas 1992). We granted the State's petition for discretionary review on September 30, 1993. We reversed the Court of Appeals and remanded the case on November 15, 1995. *Bingham v. State*, 913 S.W.2d 208 (Tex.Crim.App.1995). On remand, the Court of Appeals again reversed the conviction, in an unpublished opinion. *Bingham v. State*, No. 05–91–01082–CR (Tex.App.-Dallas August 29, 1997) (not designated for publication), 1997 WL 531190. Rehearing was denied, and we again granted the State's petition for discretionary review.

### Factual Background

Anthony Bingham (appellant) and his common law wife, Tammy Bingham (Bingham), lived in a trailer home next door to Peggy McCallum, appellant's sister-in-law. On the afternoon of September 10, 1990, the Binghams' trailer home was totally destroyed by fire. Officer Paul Raleeh, a criminal investigator with the McKinney Police Department, investigated the fire. In the course of his investigation, he interviewed McCallum, appellant's mother Maggie Weaver, a former girlfriend of appellant's brother named Misty Edwards, and Bingham. During her interview with Officer Raleeh, Bingham admitted that she and her husband had planned the fire and that appellant actually lit the match which started the fire. Prior to trial, Bingham filed a motion asserting privilege and stating she would not testify against her husband, appellant. The trial court denied the motion. At trial, appellant's hearsay objection to Officer Raleeh's testimony about what Bingham had said was overruled.

### Court of Appeals

The Court of Appeals held that the trial court erred in admitting Raleeh's testimony concerning Bingham's hearsay statements. It determined that Bingham's statements averring that she and appellant planned to burn their trailer for insurance money and that appellant started the fire inculpated both her and appellant. *Bingham v. State*, 1997 WL 531190, at *3. Therefore, the Court concluded that the statements were inadmissible for two reasons. First, the circumstances surrounding the statements did not clearly indicate their trustworthiness; and second, Bingham's statements were inadmissible in a trial against appellant because appellant was not the declarant of the statements. *Id.* at 3–4. We granted the State's petition for discretionary review on the following grounds:

1. Did the Court of Appeals err in holding that a declarant's hearsay statements against interest are admissible in the criminal trial of that declarant only, never in the trial of any co-conspirator or accomplice?

2. Did the Court of Appeals err in its conclusion of what constitutes "corroborative circumstances" under a Tex. Rule Crim. Evid. 803(24) trustworthiness analysis?

3. Did the Court of Appeals err in conducting a de novo, subjective review in its consideration of the admissibility of Tex. Rule.Crim. Evid. (803)24 hearsay evidence?

### Discussion

■ In its first ground for review, the State asserts that the Court of Appeals erred in holding that a declarant's hearsay statements against interest are admissible in the criminal trial of that declarant only, never in the trial of any co-conspirator or accomplice. In so holding, the Court of Appeals relied on one of its earlier decisions for this proposition, *Michael v. State*, 864 S.W.2d 104, 110 (Tex.App.-Dallas 1993, no pet.). *Bingham v. State*, 1997 WL 531190, at *4.

The Court of Appeals was clearly in error in holding that a declarant's hearsay statements against interest are admissible in the criminal trial of that declarant only. As Justice Bridges noted in his dissenting opinion in *Bingham*, this Court implicitly overruled *Michael* when we stated in *Cofield v. State*, 891 S.W.2d 952, 956 (Tex.Crim.App.1994) that "a trial court does not always abuse its discretion in admitting a hearsay statement which inculpates not only the declarant but the defendant as well, because ... factors need to be considered in determining the existence of corroborating facts so as to avoid admitting a fabrication, i.e., a false statement." *Bingham v. State*, 1997 WL 531190, at *6 (Bridges, J., dissenting). Even more to the point, however, is the rule of evidence at issue, and the logic behind that rule.

Former TEX.R.CRIM. EVID. 803(24) (now TEX.R. EVID. 803(24), with minor changes) provides an exception to the rule against hearsay statements as follows:

Statement Against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Nowhere within the text is there any mention of this exception being limited to cases in which the criminal defendant is the declarant of the statements, and there is good reason for this. The reason for this exception to the general exclusion of hearsay is that statements against interest are considered particularly trustworthy, since " ... people generally do not lightly make statements that are damaging to their interests."[1] Thus, such statements are considered reliable, regardless of whether or not the criminal defendant is the declarant of the statement.

■ In grafting such a requirement onto the Statement against Interest exception, the Court of Appeals appears to have confused this exception with former TEX.R.CRIM. EVID. 801(e)(2) (now TEX.R. EVID. 801(e)(2), with minor changes), admissions by a party-opponent.[2] Although this confusion is hardly uncommon,[3] the two provisions are nevertheless distinct. While statements against interest are admissible due to their reliability, admissions by party-opponents are admissible pre-

---

1. 2 McCORMICK ON EVIDENCE § 316 (John William Strong general ed. 4th ed.1992); *see also* 29A AM.JUR.2D *Evidence* § 785 (1994) ("The focus of the declaration against interest exception to the hearsay rule is the basic trustworthiness of the declaration"). Furthermore, in criminal cases the trustworthiness of a declarant's statement is guaranteed by the additional requirement that corroborating circumstances be present. *See* TEX.R. EVID. 803(24).

2. In general, and under our own rules of evidence, admissions by party-opponent are considered non-hearsay, rather than an exception to the general rule excluding hearsay. *See* McCORMICK ON EVIDENCE § 254; 29A AM.JUR.2D *Evidence* § 760 (1994).

3. 2 McCORMICK ON EVIDENCE § 316; 2 STEVEN GOODE ET AL., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 801.7 (2d ed.1993).

cisely because they are being admitted against the party alleged to have made those statements. Thus, that party cannot complain of an inability to cross-examine him/herself, and since s/he is their author, s/he is estopped from complaining of their untrustworthiness.[4]

If allowed to stand, the holding by the Court of Appeals that statements against interest are not admissible unless the defendant is the declarant of the statements would make 803(24) largely redundant, since any declaration against interest in which the defendant is the declarant of the statement would virtually always be admissible under 801(e)(2), as an admission by a party-opponent. Therefore, if Bingham's statements were properly characterized as statements against interest, they could not be held inadmissible in a trial against appellant solely on the basis that appellant was not the declarant of the statements. The State's first ground for review is sustained.

In its second ground for review, the State asserts that the Court of Appeals erred in determining that Bingham's statements were inadmissible because they did not consider all the "corroborative circumstances" evidence available to the trial court for the purposes of conducting a trustworthiness analysis under Tex. Rule Crim. Evid. 803(24).[5] This ground for review is closely related to the state's third and final ground for review, which concerns the standard by which an appellate court reviews a trial court's decision to admit this type of evidence.

Any determination regarding the admissibility of a statement in accordance with rule 803(24) requires a two-step inquiry. First, the trial court must determine whether the statement in question tends to expose the declarant to criminal liability. *Williamson v. U.S.*, 512 U.S. 594, 599–601, 114 S.Ct. 2431, 2435, 129 L.Ed.2d 476 (1994); *Cofield v. State*, 891 S.W.2d 952, 956 (Tex.Crim.App. 1994). Second, the trial court must deter-

mine if there are corroborating circumstances that clearly indicate the trustworthiness of the statement. Tex.R. Evid. 803(24). If both these criteria are met, then rule 803(24) is satisfied. The standard for an appellate court's review of a trial court's decision to admit or exclude a hearsay statement under Rule 803(24) is whether the trial court abused its discretion. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App.1994); *Cunningham v. State*, 877 S.W.2d 310, 313 (Tex.Crim.App.1994) (citations omitted).

In the instant case, the Court of Appeals never mentioned the standard of review it was using, and its analysis, pursuant to the rule 803(24) two-step inquiry, is minimal. Bingham's statements to Officer Raleeh can be summarized as follows: she and appellant planned the arson in order to collect insurance money because they were having financial problems; appellant lit the fire in the living area of the trailer using gasoline poured on blue jeans or hubcaps; they planned to blame the fire on an earlier electrical fire in the trailer; appellant lit the fire himself and then went to his sister-in-law's home; they received the insurance money and it helped them catch up on their bills.

The Court of Appeals held that the circumstances surrounding Bingham's statements failed to clearly indicate their trustworthiness. *Bingham v. State*, 1997 WL 531190, at *3. The Court specified that at the time Bingham made her statements to Raleeh, Raleeh had already concluded that the fire was likely arson, and he was investigating against whom to file charges. The Court also noted that Raleeh told Bingham that if she lit the fire with her husband, they could both go to jail, and their children would be left without anyone to raise them. *Id.*

As support for its holding, the Court of Appeals relied on our language in *Cofield* where we warned that statements made by co-defendants or accomplices that are not only against the declarant's interest but also

---

**4.** *See* 2 McCormick on Evidence § 254; 29A Am. Jur.2d *Evidence* § 760; 2 Steven Goode et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal § 801.7; Cathleen C. Herasimchuk et al., Texas Rules of Evidence Handbook 751 (3 rd ed.1998).

**5.** The Court of Appeals held that the statements were inadmissible for two separate reasons. This dual holding is reflected in grounds for review one and two. Therefore, although we sustain ground one, we must also address the second ground for review.

against the defendant's interest should be viewed with particular caution. The Court concluded that Bingham's statements were precisely the type of statements discussed by us in *Cofield* because they were not only against her interest but also against appellant's. *Id.* Based on what Raleeh told Bingham, the Court held that Bingham's statements were inadmissible because they could have been made in an attempt to shift blame or curry favor with Raleeh. *Id.*

■ The State argues that the Court of Appeals erred by focusing solely on the circumstances existing at the time Bingham made the statements to Raleeh. It asserts that much more evidence and many more factors were presented that were relevant to an analysis for corroborating circumstances, and that by failing to consider those factors, the Court of Appeals analysis conflicts with the analysis that we conducted in *Davis v. State*, 872 S.W.2d 743 (Tex.Crim.App.1994). We agree.

In *Davis*, we discussed the history and purpose of Rule 803(24). We acknowledged that we had never set forth a definitive test by which to gauge the existence of corroborating circumstances. *Id.* at 748. But we did explain that the corroborating circumstances must be sufficiently convincing to clearly indicate the trustworthiness of the statement. *Id.* at 749. We emphasized that the focus of the inquiry should be on verifying to the greatest extent possible the trustworthiness of the statement, so as to avoid the admissibility of a fabrication. *Id.* We held that when conducting such an inquiry, any number of factors may be considered, including: whether the guilt of the declarant is inconsistent with the guilt of the accused; whether the declarant was so situated that he might have committed the crime; the timing of the declaration and its spontaneity; the relationship between the declarant and the party to whom the declaration was made; and the existence of independent, corroborative facts. *Id.* We further held that evidence which undermines the reliability of the statement as well as evidence corroborating its trustworthiness may be considered, so long as the Court is careful not to engage in a weighing of the credibility of the witness.

*Id.* We later reaffirmed our holding in *Davis* and further illustrated, through analysis, that all evidence should be considered in order to determine whether there are corroborating circumstances clearly indicating the trustworthiness of a statement against interest. *Cunningham v. State*, 877 S.W.2d at 313; *Cofield v. State*, 891 S.W.2d at 955.

Prior to the admission of Bingham's statements, the following evidence had been presented: A small electrical fire occurred several months before the arson. At the time of that electrical fire, appellant told investigating police officer Jeff Taylor that he had no insurance. Officer Taylor advised appellant that he might want to get some. Jerry McQueen, a claims adjuster with Cap County Mutual Fire Insurance Company testified that the Binghams purchased a policy on the contents of the trailer on August 3, 1990, approximately five weeks before the fire. Peggy McCallum testified that appellant and Bingham often discussed with her their plan to burn the trailer for insurance money. She further testified that at the time the fire was discovered, Bingham was at McCallum's for the purpose of borrowing "washing powder." According to McCallum, appellant arrived, and asked to use the bathroom. Approximately five to eight minutes later, appellant announced from McCallum's bedroom that his trailer was on fire. Appellant filed the insurance claim that day, and later collected the insurance money. Finally, Peggy McCallum also testified that about one month before the fire, appellant and Bingham began moving belongings out of their house and that she switched refrigerators with them because hers was "running hot." The arson investigation conducted by Billy Bob Dunfield, fire marshall of the city of McKinney, revealed several concentrated burn areas on the living room floor of the trailer consistent with points of fire origin and accelerants such as gasoline. He testified that his findings were consistent with an arson started on the living room floor with gasoline. Officer Paul Raleeh also testified that in his opinion, the fire was caused by someone pouring flammable fluid consistent with gasoline on the floor in the living room area and igniting it. Finally, McCallum testified that about a week or two after the fire, Bingham admitted to

her over the phone that she and appellant had started the fire. Misty Edwards, a former girlfriend of appellant's brother testified that when she visited appellant's trailer home on the afternoon of the fire, appellant, his brother, and Bingham acted secretive. Edwards testified, over objection, that Bingham admitted to her at that time that they were planing to burn the trailer to get insurance money. When Edwards returned later that afternoon, the trailer was on fire.

None of the aforementioned evidence was discussed by the Court of Appeals. Instead, the Court focused solely on the timing of Bingham's statements to Raleeh and the possibility that she could have made them to shift blame or curry favor. Clearly, the timing of Bingham's statements could be viewed as a factor tending to undermine their credibility, but the Court ignored evidence which could have been viewed by the trial court as factors establishing their reliability. Appellate Courts must conduct reviews of this type by examining pertinent factors, favorable and unfavorable, which are relevant to corroborating circumstances, and by giving due deference to the trial court's decision to admit or exclude the hearsay. *Cunningham v. State*, 877 S.W.2d at 313. Therefore, the State's second and third grounds for review are sustained. The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals so that it may address appellant's remaining point of error.

HOLLAND, J., not participating.