99-00282 In the Matter of WS.wpd



No. 04-99-00282-CV


IN THE MATTER OF W.S.


From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 98-JUV-02777


Honorable Andy Mireles, Judge Presiding(1)


Opinion by: Phil Hardberger, Chief Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: January 5, 2000

AFFIRMED

 W.S. appeals the trial court's amended order of adjudication following a jury trial. In a sole
point of error, W.S. complains that the court abused its discretion when it refused to allow S.S.,
W.S.'s older brother, to testify regarding the statement against interest of Adrian Quintana
("Adrian"). We affirm.

Background 

 In an original petition, the State alleged that W.S. "knowingly and recklessly caused bodily
injury to Sharon Landes-Rangel ("Rangel")" by kicking her while stealing her compact disc case,
compact discs, and stereo. During trial, W.S. objected to the trial court's refusal to allow S.S. to
provide testimony that would have shown Adrian, and not W.S., participated in the theft. A jury
found that W.S. engaged in delinquent conduct. The trial court placed W.S. on probation for
twenty-four months (nine of which were to be in a secure residential facility). W.S. appeals.

Discussion

1. The Evidence W.S. Sought to Admit and Its Context

a. The Context

 Rangel testified that she noticed her car door was open. She walked toward the car and saw
two sets of feet sticking out of the vehicle. The older individual, Augustine Quintana ("Augustine")
exited the vehicle quickly. The younger boy, alleged to be W.S., did not exit the vehicle. Rangel
grabbed the younger boy by his ears and physically forced him out of the car. A struggle ensued.
The younger boy eventually freed himself and ran away with Augustine. Rangel, along with two
neighbors, Mark Skinner ("Skinner") and Miguel Martinez ("Martinez"), chased him. Augustine
scaled a fence and disappeared into his yard. Neither Augustine nor the younger boy were
apprehended that evening.

 Rangel later identified two students from a yearbook who resembled the younger boy: W.S.
and S.S. Six days later, Augustine and the younger boy rode by Rangel on their bikes. One of them
said, "Hey, look, man. There's that bitch we jumped the other night." In court, she identified the
younger boy from the attack as being W.S. 

b. The Evidence Offered by W.S. and Excluded by the Trial Court 

 W.S. attempted to offer testimony by S.S., his brother, regarding a statement made by
Adrian. This statement implicated Adrian in the crime. By implication, the statement exonerated
W.S. The trial court ruled that such testimony would amount to double hearsay and excluded the
testimony. W.S. made an offer of proof:

 COUNSEL: [S.S.], did Adrian tell you how he got the injury to his face?

 S.S.: Yes sir.... He had said that he had broke into a car and that when the
lady had came out and he had-she had grabbed him and he had fell
[sic], because he said that he was drunk. And then that's when he got
up and I guess he started cussing at her. That's when his
brother-'cause they had took a brown rag off of him, and the brother
went back over there and got the brown rag, and I guess that's how
the lady found out who Augustine was [sic].

 COUNSEL: Now, how exactly did he get hurt on his face?

 S.S.: Yeah, he had fell. When the lady that pulled him, he fell on the floor
[sic].

The court ruled that the statement amounted to double hearsay and that Rule 803(24), an exception
to the hearsay rule for statements against interest, did not render the statement admissible.

c. The Trial Court Did Not Abuse Its Discretion in Excluding the Evidence

 Because W.S. asks us to determine whether the trial court's ruling is correct in light of Rule
803(24), we will determine whether Adrian's statement, offered through S.S., is reliable enough as
a statement against interest to be exempt from the reach of the hearsay rule.

(1) Standard of Review

 The Texas Court of Criminal Appeals has stated that "[a] trial court has broad discretion
in determining the admissibility of the evidence, and an appellate court will not reverse unless a
clear abuse of discretion is shown." See Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App.
1991); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (proscribing appellate
court intervention as long as the trial court's ruling "was at least within the zone of reasonable
disagreement"). We will sustain the trial court's ruling, even if the wrong reason is given for the
decision, if it is otherwise correct on any theory of law that is applicable to the case. See Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (stating that this principle "is especially true
with regard to admission of evidence"). 

(2) Method of Review

 The Court of Criminal Appeals requires a two-step inquiry to determine whether a statement
is admissible under Rule 803(24). We look first to "determine whether the statement in question
tends to expose the declarant to criminal liability." See Bingham v. State, 987 S.W.2d 54, 57 (Tex.
Crim. App. 1999) (citations omitted). We then consider "if there are corroborating circumstances
that clearly indicate the trustworthiness of the statement." See id.; see also Tex. R. Evid. 803(24).
Rule 803(24) states that the following is not excluded by the hearsay rule:

 A statement which was at the time of its making so far contrary to the declarant's
pecuniary or proprietary interest, or so far tended to subject the declarant to civil or
criminal liability, or to render invalid a claim by the declarant against another, or to
make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person
in declarant's position would not have made the statement unless believing it to be
true. In criminal cases, a statement tending to expose the declarant to criminal
liability is not admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement.

Tex. R. Evid. 803(24) (emphasis added). The Texas Rules of Evidence that apply to criminal cases
apply to judicial proceedings under the Juvenile Justice Code. See Tex. Fam. Code § 51.17(c)
(Vernon Supp. 2000). 

(3) Admissibility of S.S.'s Testimony

 Adrian's statement, reported by S.S., tends to expose Adrian to liability under the Juvenile
Justice Code. Although the first inquiry is in W.S.'s favor, we must make a second inquiry: Whether
corroborating circumstances exist that clearly indicate the trustworthiness of the statement. The
following non-exclusive list of factors aids us in pursuing this inquiry: Whether the declarant's guilt
is inconsistent with that of the accused; "whether the declarant was so situated that he might have
committed the crime; the timing of the declaration and its spontaneity; the relationship between
the declarant and the party to whom the declaration was made; and the existence of independent,
corroborative facts." Bingham, 987 S.W.2d at 58. Evidence that serves to "undermine the
reliability of the statement as well as evidence corroborating its trustworthiness may be considered,"
so long as we do not weigh the credibility of the witnesses. Id. 

 We now examine the factors in the present case that help determine whether corroborating
circumstances exist that clearly indicate the trustworthiness of Adrian's statement. Adrian's guilt
would not be inconsistent with that of W.S. As Augustine's brother, the declarant could have
committed the crime. The purported statement is alleged to have occurred shortly after the
altercation with Rangel. The record does not indicate the nature of Adrian and S.S.'s relationship.
Adrian reportedly had a facial injury after the attack; W.S., at least according to his mother, did not.
According to W.S.'s mother and W.S.'s Juvenile Probation Officer, neither S.S. nor W.S. possessed
the articles of clothing that the younger boy wore during the attack. S.S. contradicted this testimony,
indicating that he owned the brand of shirt worn by the younger boy who attacked Rangel. S.S. also
testified vaguely that both he and W.S. were together at a party during the attack. These
circumstances do not clearly indicate the trustworthiness of Adrian's statement.

 Evidence exists that undermines the trustworthiness of Adrian's statement. Rangel testified
that she saw only the older boy (Augustine) scale the fence into what was later determined to be his
yard. She did not see the younger boy go in the same direction as Augustine. In addition, testimony
of Martinez and Skinner undermines the statement's trustworthiness. Martinez testified that he
recognized the younger boy in the courtroom as being W.S. based on his features, face, hair, and
height. In examining photographs from the yearbook, he testified that the younger boy involved in
the incident with Rangel was not Adrian. Skinner testified that he had identified W.S. from the high
school yearbook. He also identified W.S. in the courtroom. In examining the photographs of the
yearbook, he testified that the younger boy involved in the incident with Rangel was not Adrian. In summary, three witnesses (Rangel, Martinez, and Skinner) testified that W.S. was the
younger boy who attacked Rangel. Three witnesses (S.S., W.S.'s Juvenile Probation Officer, and
W.S.'s mother) provided evidence that supports the statement sought to be recollected by S.S. The
evidence, in light of the factors articulated by the Bingham court, does not "clearly indicate the
trustworthiness of the statement" purportedly made by Adrian. See Cunningham v. State, 877
S.W.2d 310, 314 (Tex. Crim. App. 1994) (affirming the court of appeals' judgment in a situation
where "the circumstances indicating trustworthiness were at least equally met by circumstances
indicating lack of trustworthiness"). The trial court did not err in excluding S.S.'s testimony
regarding Adrian's alleged statement against interest.

2. Even if the Trial Court Erred, W.S. Did Not Suffer Harm

 Even if Adrian's statement were admissible, its exclusion did not harm W.S. The jury had
already heard from S.S. that Adrian had an injury on his face. The jury had also heard from W.S.'s
Juvenile Probation Officer, as well as W.S.'s mother, that W.S. did not have an injury on his face.
W.S.'s mother testified that W.S. did not own the articles of clothing worn by the younger boy;
W.S.'s Juvenile Probation Officer testified that he had never seen him wear such clothing. During
closing argument, W.S. presented the possibility of Adrian's role in the attack to the jury. Even if
S.S.'s testimony should have been admitted, W.S. did not suffer harm by its exclusion. The jury,
having been exposed to all of the evidence that S.S. would have offered in the form of Adrian's
purported statement against interest, concluded that W.S. engaged in delinquent conduct. If there
is any error in the trial court's decision, it is harmless. See Tex. R. App. P. 44.2(b).

Conclusion

 We affirm the trial court's order of adjudication.

 Phil Hardberger, Chief Justice

DO NOT PUBLISH


1. The Honorable Frank Montalvo presided at trial. The Honorable Andy Mireles signed the amended order of
adjudication.