In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-319 CR


____________________



CHRISTOPHER DANIEL WATKINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 18,456






MEMORANDUM OPINION


 This case concerns the trial court's exclusion of a witness's statement offered to
support the defendant's claim that he did not know he was driving a stolen truck. The
defendant, Christopher Daniel Watkins, was indicted and tried for theft and the unauthorized
use of a motor vehicle. The jury acquitted Watkins on the theft charge but convicted him of
unauthorized use of a motor vehicle. In a single issue, Watkins asserts that the trial court
abused its discretion when it refused to admit into evidence the recorded statement of 
Donald Winn. (1) We conclude that the trial court erred in refusing to admit the transcript of
the tape recording and further conclude that the exclusion of the evidence in this case was
harmful. We reverse Watkins's conviction for unauthorized use of a motor vehicle and
remand that portion of his case to the trial court for a new trial. 

Background

 The State indicted Watkins for theft and unauthorized use of a motor vehicle. See
Tex. Pen. Code Ann. § 31.03(a); (e)(5) (Vernon Supp. 2007) (2), § 31.07 (Vernon 2003).
Throughout his jury trial, Watkins asserted that he did not steal the truck and trailer and that
he did not know that they were stolen until a border inspector stopped the truck at the border. 
Watkins was driving the truck when it was stopped. 

 Watkins testified at trial that Winn, a long-time friend, approached Watkins and
requested his assistance in driving the truck and trailer to a job site located in the Texas Rio
Grande Valley. Watkins testified that Winn said the truck and trailer, both of which
belonged to his uncle, were needed in the Valley on a construction site. Winn agreed to pay
Watkins for his assistance. Watkins explained that he was asleep when Winn drove the truck
into Mexico, and upon waking, Watkins asked to return to Texas so he could go home. 

 The court appointed an investigator, Audrey Rife, who talked to Watkins and
interviewed Winn. Winn signed a statement concerning his version of the events that lead
to Watkins's arrest. Rife testified that Watkins claimed he did not steal the truck or know
that it had been stolen. However, when Watkins attempted to elicit Rife's testimony about
Winn's written statement, the State raised a hearsay objection and asserted that no exception
applied because Winn was neither the person on trial nor available at Watkins's trial. The
trial court sustained the State's objection and instructed Watkins that they were "not going
to start getting into Mr. Win[n]'s admissions[.]"

 Prior to Watkins's resting, and outside the jury's presence, Watkins excepted to the
trial court's refusal to allow him to introduce Winn's hearsay statements. With respect to the
transcript of the recorded conversation, Watkins stated he was prepared to play the actual
audiotape if the court desired. The State again lodged a hearsay objection and argued that
the hearsay exception relied upon by Watkins only applied when the declarant was available
as a witness. The trial court sustained the State's objections to both Winn's written and
recorded statements.

 The transcript of Watkins's and Winn's recorded conversation contains Winn's
admission that he stole the truck and trailer. It also explains and generally corroborates
Watkins's testimony about the circumstances under which Watkins came to use the truck and
trailer. The recorded conversation reflects that Winn admitted that he lied to Watkins about
his authority to use the truck.

 Watkins subpoenaed Winn in order to compel him to testify as a witness at his trial. 
Winn did not appear, and as a result, Watkins requested that a writ of attachment be issued
for Winn; the attempt to execute the writ was unsuccessful. When Watkins's efforts to
procure Winn's appearance at trial failed, Watkins filed a motion for a continuance, which
the trial court denied.

 At Watkins's election, the judge assessed Watkins's punishment for the unauthorized
use of a motor vehicle conviction. The trial court sentenced Watkins to two years in a state
jail facility but suspended the sentence and placed him on community supervision for three
years. Watkins's motion for new trial was denied by operation of law. On appeal, Watkins
contends the trial court erred by excluding Winn's recorded statement.

Applicable Law

 An out-of-court statement offered for the truth of the matter asserted is hearsay and
generally inadmissible. Tex. R. Evid. 801(d). The Rules of Evidence recognize many
exceptions to the general rule that hearsay evidence is inadmissible. Tex. R. Evid. 803(1)-(24). One type of hearsay that may be admitted under these exceptions is: 

 A statement which was at the time of its making so far contrary
to the declarant's pecuniary or proprietary interest, or so far
tended to subject the declarant to civil or criminal liability, or to
render invalid a claim by the declarant against another, or to
make the declarant an object of hatred, ridicule, or disgrace, that
a reasonable person in declarant's position would not have made
the statement unless believing it to be true. In criminal cases, a
statement tending to expose the declarant to criminal liability is
not admissible unless corroborating circumstances clearly
indicate the trustworthiness of the statement.

 

Tex. R. Evid. 803(24). 

 At trial, the State argued, and the trial court apparently agreed, that the declarant's
availability was required in order for this exception to apply. On the contrary, Rule 803's
hearsay exception for statements against interest specifically states: "The following are not
excluded by the hearsay rule, even though the declarant is available as a witness." Tex. R.
Evid. 803. Thus, Winn's availability as a witness at trial should not have been considered
as a material factor in determining the admissibility of Winn's recorded statement. See id.;
Dewberry v. State, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999). 

 Determining whether a statement is admissible as a statement against interest under 
Rule 803(24) involves a two-step inquiry. Bingham v. State, 987 S.W.2d 54, 57 (Tex. Crim.
App. 1999). First, the trial court determines whether the statement tends to expose the
declarant to criminal liability. Id. Second, corroborating evidence must "clearly indicate the
trustworthiness of the statement." Tex. R. Evid. 803(24); Bingham, 987 S.W.2d at 57; see
also Dewberry, 4 S.W.3d at 751. The party seeking admission of the statement bears the
burden to make this showing and "the test is not an easy one." Davis v. State, 872 S.W.2d
743, 749 (Tex. Crim. App. 1994).

 We review the trial court's decision to admit or exclude evidence of a statement
against interest under an abuse of discretion standard. Bingham, 987 S.W.2d at 57;
Cunningham v. State, 877 S.W.2d 310, 313 (Tex. Crim. App. 1994). The trial court's ruling
will not be reversed as long as it is within the "zone of reasonable disagreement." Salazar
v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).

Analysis

 A. Trial Court's Exclusion of Statement

 In its brief on appeal, the State's argument centers on whether Winn's statement to
Watkins was credible, and not on whether the statement subjected Winn to criminal liability. 
Winn acknowledges in the recorded statement that he committed the theft. The statement
also reflects that Winn did not have the owner's authority to use the vehicle. Thus, we
conclude that Winn's statement exposed him to criminal liability: the first step of the two-part inquiry is satisfied. See Bingham, 987 S.W.2d at 57.

 The second step requires the trial judge to evaluate the trustworthiness of the
statement. Tex. R. Evid. 803(24); Bingham, 987 S.W.2d at 57. This step exists to deter the
admission of a third party's fabricated confession. See Davis, 872 S.W.2d at 748. Factors
that a trial court should consider to determine the credibility of a declaration against interest
include: "(1) whether guilt of declarant is inconsistent with guilt of the defendant, (2)
whether declarant was so situated that he might have committed the crime, (3) the timing of
the declaration, (4) the spontaneity of the declaration, (5) the relationship between the
declarant and the party to whom the statement is made, and (6) the existence of independent
corroborative facts." Dewberry, 4 S.W.3d at 751. Further, evidence that undermines the
reliability of the statement as well as evidence corroborating its trustworthiness may be
considered, so long as the court is careful not to engage in weighing the credibility of the in-court witness. Cunningham, 877 S.W.2d at 312. In assessing the admissibility of a hearsay
statement against penal interest, the Rules of Evidence and precedent allow trial courts
discretion in considering a statement's trustworthiness. Id. 

 On appeal, the State contends that the trial court properly excluded the recorded
statement because the statement Winn initially gave to the border inspector and the written
statement he gave to Rife contain two different accounts of Winn's role regarding the stolen
truck. The State also argues that Winn was not available as a witness to confirm the veracity,
if any, of the statements. 

 We agree that the trial court could properly consider Winn's changing versions in
determining whether his version of the events in his recorded statement was credible. In
Winn's statement to the border inspector, Winn implicated Watkins as the person who stole
the truck. Then in the affidavit Winn gave to Rife, Watkins's investigator, Winn stated that
he obtained the truck from someone named Jesus and represented that neither he nor Watkins
knew that the truck had been stolen. In the recorded statement, Winn admitted that he stole
the truck and that he misled Watkins about his authority to use the truck. 

 The trial judge was also required to consider and weigh any evidence that
corroborated Winn's statement under the Dewberry factors set forth above. Dewberry, 4
S.W.3d at 751. First, there is no evidence in the record to show that Winn and Watkins acted
together to steal the truck. Thus, with respect to the theft charge, Winn's recorded statement
tends to show that Winn alone stole the truck, which is inconsistent with the claim that
Watkins was also guilty of theft. Second, the State, in a separate indictment, charged Winn
with theft and unauthorized use of the same truck for which Watkins had been indicted. We
conclude that the evidence shows that Winn was in a position to commit the same crimes as
those with which Watkins was tried. Third, Watkins recorded Winn's statement after both
had been charged with the crimes. Thus, Winn's admissions were statements made at a time
when they were relevant to then-existing charges in contrast to potential criminal charges. 
We conclude that the timing of the statements favors their admissibility. As to the fourth and
fifth factors, Winn and Watkins had been friends for several years, and Winn's statement to
Watkins occurred in response to Watkins's confronting Winn about the inconsistencies
between his first two versions of how he obtained the truck. We conclude that the fourth and
fifth factors also favor the admission of Winn's recorded statement.

 With respect to the sixth and final factor, independent corroborative facts support the
credibility of the account of events contained in Winn's recorded statement. Specifically,
Winn told Watkins that the keys were in the truck when he stole it. That portion of the
statement is consistent with the testimony of Gregory Crow, an employee of the company
whose truck was stolen; Crow testified that at the time of this incident company personnel
left the keys in the trucks. Additionally, after Winn gave Watkins his final account that he
represented to be the truth, Winn told Watkins that he would not tell anyone else the truth. 
When Watkins told Winn that he was going to tell his attorney what Winn just told him,
Winn said, "I'm gonna go hide." Subsequently, Winn refused to appear at trial despite being
subpoenaed; and he could not be located to be served with the writ of attachment. Further,
Watkins consistently presented the same version of events that lead to his involvement with
the truck, and the recorded statement is consistent with Watkins's version of the events. 
Finally, the entire conversation between Watkins and Winn was recorded. Thus, there is no
risk that Watkins might misrepresent what Winn actually said and no risk that Watkins would
recount only the portion of Winn's statement that would benefit his defense. We conclude
that the sixth factor also tends to favor the admission of Winn's recorded statement.

 Whether a trial court abuses its discretion in excluding evidence is tested by
evaluating whether the trial court was arbitrary or unreasonable. Manning v. State, 114
S.W.3d 922, 926 (Tex. Crim. App. 2003). We uphold a trial court's ruling if it is "reasonably
supported by the record and is correct under any theory of law applicable to the case. 
Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

 The record reflects that the State's argument about witness availability likely
contributed to the trial court's decision to exclude the statement against interest. See
generally Morris v. State, 214 S.W.3d 159, 183-185 (Tex. App.-Beaumont 2006, pet.
granted). Additionally, the record fails to reflect that the trial court weighed the relevant
factors in determining Winn's statement against interest. See id. The record reflects that the
Dewberry factors all favored the admission of Winn's recorded statement. See Dewberry,
4 S.W.3d at 751. We hold that Watkins satisfied his burden to clearly corroborate Winn's
statement against interest and that the corroborating circumstances clearly indicated the
trustworthiness of Winn's recorded statement. Tex. R. Evid. 803(24). Therefore, we
conclude that the trial court's exclusion of Winn's hearsay testimony was error. Manning,
114 S.W.3d at 926. 

 B. Harm Analysis

 To prove unauthorized use of a motor vehicle, the State must show that the defendant
intentionally or knowingly operated the vehicle without the effective consent of its owner. 
See Tex. Pen. Code Ann. § 31.07. In McQueen v. State, 781 S.W.2d 600, 604 (Tex. Crim.
App. 1989) (en banc), the Court of Criminal Appeals held that this statute required the State
to prove that the defendant knowingly and intentionally operated the vehicle and that the
defendant knew "that such operation [was] done without the effective consent of the owner." 


 Error is harmless if we are fairly assured that the error did not influence the jury or
had but a slight effect after an examination of the record as a whole. See Morales v. State,
32 S.W.3d 862, 867 (Tex. Crim. App. 2000); see also Tex. R. App. P. 44.2(b). With respect
to the charge of unauthorized use of the vehicle, the only issue that Watkins contested was
whether the evidence proved that he knew he did not have the owner's permission to use the
truck. Only two witnesses, Winn and Watkins, knew the circumstances surrounding how
Watkins became involved in the truck's use. The exclusion of Winn's account of the events
left the jury with only a single witness's testimony favorable to Watkins's defense - that of
Watkins himself. Winn's recorded statement is relevant to the issue of Watkins's state of
mind, and it is an issue on which the State had the burden of proof. Because Winn's
recorded statement would have corroborated and given independent credibility to Watkins's
otherwise self-serving testimony that he was misled by Winn about the source of Winn's
permission to use the truck, the trial court's ruling was prejudicial. See Ray v. State, 178
S.W.3d 833, 836 (Tex. Crim. App. 2005).

 The State argues that the error was harmless because admitting Winn's recorded
statement would have been cumulative and that Watkins was able to present the substance
of Winn's testimony through other means. We disagree. Although Watkins was able to
present to the jury his defense through his own testimony and that of his investigator, only
Watkins and Winn had personal knowledge of the circumstances that led to Watkins's use
of the truck. Since Watkins was the only defendant on trial before this jury, the jurors were
likely to give Watkins's own testimony less weight than they likely would have given Winn's
recorded statement. Thus, Winn's recorded statement would have incrementally furthered
Watkins's evidence. See, e.g., Cohn v. State, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). 
 Having reviewed the testimony presented at trial, we cannot say with fair assurance
that the error in excluding Winn's recorded statement did not influence the jury or that it did
not have but a slight effect. See Ray, 178 S.W.3d at 836; see also Tex. R. App. P. 44.2(b). 
Accordingly, we reverse Watkins's conviction for unauthorized use of a motor vehicle and
remand the unauthorized use charge for a new trial.

 REVERSED AND REMANDED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on December 12, 2007

Opinion Delivered April 9, 2008

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Watkins attempted in several ways to introduce Winn's account of the circumstances
under which the truck had been taken, and the record reflects three statements from Winn
that are all hearsay. First, Watkins attempted to examine his investigator about a
conversation she had with Winn when she interviewed him. Second, Watkins's investigator
obtained a written statement from Winn that the trial court excluded from evidence. Finally,
Watkins offered, and the trial court excluded, a recorded conversation between Winn and
Watkins. While Watkins's issue is not specific concerning which of these statements are the
subject of his complaint on appeal, his argument makes it clear that his complaint concerns
the trial court's refusal to allow the jury to hear the contents of the recorded statement. 
Therefore, we interpret Watkins's issue as being limited to the exclusion of his evidence
concerning the recorded conversation between Watkins and Winn. 
2. We cite the current version of the statute, as there are no material changes in the
amended statute that are pertinent to this case.